**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

FACEBOOK, INC.,

a corporation,

          Defendant.

Case No. 19-cv-2184 (TJK)

**FACEBOOK, INC.'S RESPONSE TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF, FOR A BRIEFING SCHEDULE TO HEAR FROM INTERVENORS AND INTERESTED PARTIES, AND FOR AN ORDER SETTING A HEARING ON THE PARTIES' MOTION AND PERMITTING EPIC AND OTHER INTERESTED PARTIES TO INTERVENE**

Defendant Facebook, Inc. ("Facebook") respectfully submits this response to the motion filed by non-party Electronic Privacy Information Center ("EPIC") (ECF No. 5).  Facebook joins the United States' opposition to EPIC's motion to intervene (ECF No. 11) and takes no position as to EPIC's motion for leave to file an amicus curiae brief.  Facebook further requests that the Court approve the proposed Consent Order ("Order") in an efficient and timely manner.

Facebook joins the United States' opposition to EPIC's motion to intervene (ECF No. 11).  As set forth in the United States' brief, EPIC fails to satisfy the requirements for intervention.  Although EPIC may be interested in the subject matter or outcome of this case as a consumer advocacy organization focused on privacy issues, EPIC does not have a legally protected interest in the resolution of this action sufficient to support mandatory intervention under Rule 24(a).  The proposed settlement concerns only the government and Facebook; there are no other signatories or bound parties.  *See United States v. Carrols Dev. Corp.*, 454 F. Supp.

1215, 1220 (N.D.N.Y. 1978), *modified*, No. 76-CV-170, 1981 WL 2184 (N.D.N.Y. Oct. 16, 1981) (parties who sought to intervene in civil antitrust action brought by the United States failed to show that their purported interests in the subject of the action would be impaired by entry of proposed consent order because they were not parties to the action and thus the order was not binding upon them).  Indeed, the only type of claim being resolved by the proposed settlement is under the FTC Act, which contains no private right of action.  *See Hardaway v. Syneron, Inc.*, 928 F. Supp. 2d 217, 218 (D.D.C. 2013), *aff'd,* No. 13-7054, 2013 WL 5612534 (D.C. Cir. Sept. 26, 2013) ("It is long-established that the FTCA does not provide a private cause of action.").  Thus, EPIC has no possible claim under the FTC Act that could be impaired or released by this settlement.

EPIC contends that it "has brought multiple complaints to the FTC against Facebook on behalf of consumers and EPIC members" and  "thus has a legally protected interest in this action."  Mot. at 11.  That is a non-sequitur.  The fact that 16 CFR § 2.2(a) allows a consumer to file a "complaint or request for Commission action," and that EPIC has brought multiple complaints to the FTC against Facebook, does not grant EPIC a legally protected interest in this action or put EPIC in a "unique position with respect to the proposed Consent Decree," as it contends.  Mot. at 11.  To the contrary, the same regulation states that a party making such a complaint or request to the Commission "*is not regarded as a party to any proceeding that might result from the investigation*."  16 CFR § 2.2(b) (emphasis added).

Moreover, as EPIC is aware from its previous litigation against Google—in which EPIC unsuccessfully attempted to compel the FTC to enforce a consent order against Google—the government's enforcement discretion regarding which claims to pursue and remedies to seek is unreviewable in court.  *See Elec. Privacy Info. Ctr. v. FTC*, 844 F. Supp. 2d 98, 106 (D.D.C.

2012), *aff'd*, No. 12-5054, 2012 WL 1155661 (D.C. Cir. Mar. 5, 2012) ("At bottom, the FTC's decision whether to take action with respect to a potential violation of the Consent Order is a quintessential enforcement decision that is committed to the agency's discretion and is not subject to judicial review."); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion.").

Nor does EPIC meet the requirements for permissive intervention under Rule 24(b).  To the contrary, allowing intervention would "unduly delay or prejudice the adjudication of the original parties' rights," which is exactly what Rule 24(b) cautions courts to avoid.  And it would undermine one of the primary purposes of settlement:  avoiding litigation.  *See United States v. Associated Milk Producers, Inc.*, 394 F. Supp. 29, 44 (W.D. Mo. 1975), *aff'd*, 543 F.2d 113 (8th Cir. 1976) ("The very process of formal intervention . . . would threaten to eliminate one of the major motivating factors that leads both the Government and the defendants to attempt to work out an appropriate decree, since intervention would force on the Government and defendants at least some of the burdens of litigation that both . . . have sought to avoid.") (quoting Assistant Attorney General Donald F. Turner, *Note Private Participation in Department of Justice Antitrust Proceedings*, 39 Univ. of Chicago L.Rev. Fall 1971).  As one district court explained, "[w]ere [the] Court to grant [the] motion to intervene, it would be logic-bound to allow all investors and interested members of the public with differing viewpoints to intervene in the underlying actions.  This is one of the principal reasons that permissive intervention by individual investors in SEC actions is rarely granted"—"such large-scale intervention would cause incalculable confusion, add unmanageable complexity, and bring [the] Court's review and

administration of the underlying actions to a halt."  *SEC v. Bear, Stearns & Co., Inc.*, 2003 WL 22000340, at *4 (S.D.N.Y. Aug. 25, 2003).

"In such circumstances, courts have consistently denied permissive intervention by private parties."  *Carrols*, 454 F. Supp. at 1221; *see also Envtl. Defense v. Leavitt*, 329 F. Supp. 2d 55, 70-71 (D.D.C. 2004) (denying non-party's motion to intervene and granting parties' motion to enter the EPA's consent decree, citing the general "policy of favoring consent decrees").  This Court should do the same and deny EPIC's motion.

Facebook takes no position on EPIC's motion for leave to file an amicus curiae brief.  If the Court allows EPIC or any other amicus to file such a brief, however, Facebook respectfully requests that the Court allow the parties to file responsive briefs.

Dated:   August 6, 2019                    Respectfully submitted,


                                           */s/ Joshua S. Lipshutz*
                                           Joshua S. Lipshutz (SBN 1033391)
                                           jlipshutz@gibsondunn.com
                                           Thomas G. Hungar (SBN 447783)
                                           thungar@gibsondunn.com
                                           GIBSON, DUNN & CRUTCHER LLP
                                           1050 Connecticut Avenue, N.W., Suite 300
                                           Washington, DC  20036
                                           Telephone: (202) 955-8500
                                           Facsimile: (202) 467-0539

                                           Orin Snyder (SBN 2116424)
                                           osnyder@gibsondunn.com
                                           GIBSON, DUNN & CRUTCHER LLP
                                           200 Park Avenue
                                           New York, NY  10166-0193
                                           Telephone: (212) 351-4000
                                           Facsimile: (212) 351-4035

                                           Olivia Adendorff (SBN 24069994)
                                           oadendorff@gibsondunn.com
                                           GIBSON, DUNN & CRUTCHER LLP
                                           2100 McKinney Avenue, Suite 1100
                                           Dallas, TX  75201-6912
                                           Telephone: (214) 698-3100
                                           Facsimile: (214) 571-2900

                                           *Counsel for Defendant Facebook, Inc.*