## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>                    v.<br><br>FACEBOOK, Inc.,<br>a corporation,<br><br>                    Defendant. | Case No. 19-cv-2184-TJK |

### PLAINTIFF'S RESPONSE TO LEONID GOLDSTEIN'S MOTION TO INTERVENE

Plaintiff, the United States of America, respectfully files this response to the motion to intervene filed by Leonid Goldstein, Motion to Intervene, ECF No. 15 ("Goldstein Motion"), seeking to intervene as of right under Fed. R. Civ. P. 24(a), or alternatively, permissive intervention under Fed. R. Civ. P. 24(b).  The Court should deny the motion.  Mr. Goldstein's attempted intervention is improper under either Rule 24(a) or Rule 24(b).  Mr. Goldstein cannot satisfy Rule 24(a)'s threshold requirements to intervene as of right because he lacks Article III standing and cannot meet Rule 24(a)'s other requirements.  Mr. Goldstein also cannot satisfy Rule 24(b)'s factors for permissive intervention.

**A.  Mr. Goldstein is not entitled to intervene as of right under Rule 24(a).**

A person seeking to intervene as of right under Fed. R. Civ. P. 24(a) must have Article III standing and then demonstrate four additional requirements:  "(1) that the application to intervene is timely; (2) the party has a legally protected interest in the action; (3) the action threatens to impair that interest; and (4) no party to the action can

Page 1 of 6

adequately represent that interest." *Deutsche Bank Nat'l Tr. Co. v. FDIC*, 717 F.3d 189, 192-93 (D.C. Cir. 2013); *Cigar Ass'n of Am. v. U.S. FDA*, 323 F.R.D. 54, 59 (D.D.C. 2017) (collecting cases).  Mr. Goldstein satisfies neither the standing requirement nor the Rule 24 factors.

**1.** The three elements necessary to establish Article III standing are (1) actual or threatened injury-in-fact (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins,* 578 U.S. ___, 136 S. Ct. 1540, 1547 (2016).  Mr. Goldstein meets none of these elements.  To show injury-in-fact, the proposed intervenor must show the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  If standing is premised on future injury, the party "must demonstrate a realistic danger of sustaining a direct injury." *Arpaio v. Obama,* 797 F.3d 11, 21 (D.C. Cir. 2015).

Mr. Goldstein asserts that the proposed settlement in this case will interfere with his discovery rights in his lawsuit against Facebook in the Eastern District of Texas, in which he alleges that Facebook aided and abetted acts of international terrorism, committed copyright infringement, and violated his civil rights.   Goldstein Motion at 2-6.  Setting aside the merits of that suit, *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989), Mr. Goldstein fails to establish that anything in this case could possibly impair his ability to litigate his case in Texas.  The proposed settlement here does not override Facebook's pre-existing obligations to retain data for purposes of anticipated or pending litigation, or change any of Facebook's legal duties with regard to Mr. Goldstein, or, indeed, anyone else with a potential claim against Facebook.  Recent events in the multi-

district litigation ("MDL") against Facebook in the Northern District of California show

that the proposed settlement here will not impair private plaintiffs' ability to sue

Facebook liable for perceived privacy violations.  The MDL plaintiffs' claims include

allegations that Facebook violated California law by making user information available to

app developers and other third-parties without users' adequate consent.  In denying

Facebook's motion to dismiss these claims, the court acknowledged the pending

proposed settlement in this case and the apparent similarity of some of the claims, but

distinguished the MDL claims from this case, in which the United States is enforcing the

FTC's 2012 administrative order and the FTC Act, not California law.  *In re Facebook,*

*Inc.,* MDL No. 2843, Case No. 18-md-02843-VC (N.D. Cal.), ECF No. 298 (Sept. 9,

2019) (Pretrial Order No. 20 granting in part and denying in part Motion to Dismiss First

Amended Complaint) at 26 n.13.

       **2.**  For similar reasons, even if Mr. Goldstein could show Article III standing, his

filing of a separate lawsuit does not create a legally protected interest, as required under

Rule 24(a).  *See Deutsche Bank*, 717 F.3d at 192-93 (describing second and third factors

for intervention as of right as "(2) the party has a legally protected interest in the action;

[and] (3) the action threatens to impair that interest").  This is a government enforcement

action brought under the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)

and (*l*) and 56(a)(1).  Mr. Goldstein cannot enforce the FTC Act, *see Action on Safety &*

*Health v. FTC*, 498 F.2d 757, 765 (D.C. Cir. 1974) (FTC Act contains no private right of

action), and his lawsuit against Facebook does not give him any legal rights under the

statute.  The proposed resolution of this case thus does not implicate any of Mr.

Goldstein's legally protected interests, which alone precludes intervention as of right

under Rule 24(a).

### B.   The relevant factors warrant denying Mr. Goldstein's alternative request for permissive intervention under Rule 23(b).

This Court should also exercise its discretion to deny Mr. Goldstein permissive

intervention.  Fed. R. Civ. P. 24(b).  Where, as here, a federal statute does not confer a

conditional right to intervene, this Court should consider whether the proposed Rule

24(b) intervenor "(1) has an independent ground for subject-matter jurisdiction, (2) has

made a timely motion, and (3) has a claim or defense that has a question of law or fact in

common with the main action."  *Nat'l Ass'n of Home Builders v. U.S. Army Corps of*

*Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007).  But because permissive intervention is an

"inherently discretionary enterprise," this Court may deny the motion even if the movant

has an independent jurisdictional basis to bring its own suit.  *EEOC v. Nat'l Children's*

*Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  In exercising its discretion, the Court

must also consider "whether the intervention will unduly delay or prejudice the

adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3)*.*

Mr. Goldstein's reasons for seeking to intervene are wholly unrelated to the

merits of this case and are certainly not essential for the "just and equitable adjudication

of the legal question[s] presented."  *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C.

2015).  Intervention is unnecessary for Mr. Goldstein to protect his discovery rights and

claims in his own case against Facebook, and allowing him to raise the merits of those

claims in this case would create unnecessary disruption and delay, wasting the Court's

and the parties' time and resources on this matter of national significance.  The

government opposed the Electronic Privacy Information Center's ("EPIC") motion to

intervene (ECF No. 5) on similar grounds.  *See, e.g.,* ECF No. 11 at 9-10 (the Facebook settlement does not implicate EPIC's legally protected interests), 13 (EPIC's involvement in the case was not essential given the FTC's and Justice Department's experience and expertise in FTC Act enforcement actions).

Allowing Mr. Goldstein to intervene in this case would also "unduly delay or prejudice the adjudication of the original parties' rights."  *See* Fed. R. Civ. P. 24(b)(3). The United States filed the Consent Motion for Entry of Stipulated Order almost two-months ago, on July 24, 2019 (ECF No. 2).  As the government asserted when opposing EPIC's motion to intervene, more than 200 million Americans who are on Facebook are still waiting for this settlement to be finalized and its privacy measures to be implemented.  *See* ECF No. 11 at 13-14.  Deferring the resolution of this matter to allow Mr. Goldstein's participation would not be in the public interest.  With a long history of exercising their exclusive statutory authority to litigate and settle FTC Act cases and enforce FTC administrative orders in the best interests of consumers, the FTC and the Justice Department have developed substantial experience and expertise in such matters. The participation of Mr. Goldstein and other would-be intervenors is not only unnecessary, but also would delay the timely resolution of this important case.

## CONCLUSION

The United States opposes Mr. Goldstein's motion to intervene under Rules 24(a) or 24(b) and respectfully requests that the Court deny it.

DATED:  September 23, 2019

**FOR THE UNITED STATES:**

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

DAVID M. MORRELL
Deputy Assistant Attorney General

GUSTAV W. EYLER (997162)
Director
Consumer Protection Branch

ANDREW E. CLARK
Assistant Director

*/s/ Lisa K. Hsiao*_____
LISA K. HSIAO (444890)
Senior Litigation Counsel
PATRICK R. RUNKLE
JASON LEE
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
Telephone:  (202) 616-0219
Fax: (202) 514-8742
Lisa.K.Hsiao@usdoj.gov
Patrick.R.Runkle@usdoj.gov
Jason.Lee3@usdoj.gov

*Of Counsel:*

JAMES A. KOHM (426342)
Associate Director for Enforcement

LAURA KOSS (441848)
Assistant Director for Enforcement

ROBIN L. MOORE (987108)
REENAH L. KIM (478611)
LINDA HOLLERAN KOPP (472355)
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW,
Mail Stop CC-9528
Washington, DC 20580