IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>a corporation,<br><br>              Defendant. | Case No. 19-cv-2184 (TJK) |

**FACEBOOK, INC.'S RESPONSE TO NON-PARTY LEONID GOLDSTEIN'S MOTION TO INTERVENE**

Defendant Facebook, Inc. ("Facebook") respectfully submits this response to the motion to intervene filed by non-party Leonid Goldstein (ECF No. 15) (hereinafter "Goldstein Motion"). Facebook agrees with the United States' conclusion in its opposition to Mr. Goldstein's motion to intervene (ECF No. 19) that intervention should be denied. The Court should deny the motion because Mr. Goldstein does not meet any of the elements for intervention as of right under Federal Rule of Civil Procedure 24(a),[1] including Article III standing, nor does he satisfy the requirements for permissive intervention under Rule 24(b).

**A. Goldstein Cannot Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)**

As set forth in the United States' brief, Mr. Goldstein fails to satisfy the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a), which requires a party to

---

[1] As a threshold matter, Mr. Goldstein fails to comply with Fed. R. Civ. P. 24(c) and Local Civil Rule 7(j) by submitting the requisite "pleading that sets out the claim or defense for which intervention is sought." *See United States v. Microsoft Corp.*, No. CIV.A. 98-1232 (CKK), 2003 WL 1191451, at *4 (D.D.C. Feb. 7, 2003) (failure to provide Rule 24(c) pleading was one reason for denying intervention).

demonstrate that (1) it has standing under Article III; (2) its motion is timely; (3) it has a legally protected interest in the action; (4) the action threatens to impair its interest; and (5) no other party to the action can adequately represent its interest. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *Deutsche Bank Nat'l Tr. Co. v. FDIC*, 717 F.3d 189, 192-93 (D.C. Cir. 2013).

  1.   *Article III Standing*

As a threshold matter, Mr. Goldstein does not even attempt to explain why he might have Article III standing, which requires an injury-in-fact that is "concrete, particularized, and actual or imminent, fairly traceable to the challenged action; and redressable by a favorable ruling," *Clapper*, 568 U.S. at 409—not an injury which is "conjectural or hypothetical." *See Lujan v. Defense of Wildlife*, 504 U.S. 555, 560 (1992). Indeed, his motion neglects to even mention standing, though he seems to allege that the proposed settlement would injure him by "allow[ing] Facebook to erase or spoliate discoverable evidence in its possession" that he would like to use as evidence in his other lawsuit against Facebook.[2] Mr. Goldstein provides no support whatsoever for his conjectural assertion of future injury. *See New England Power Generators Ass'n, Inc. v. F.E.R.C.*, 707 F.3d 364, 369 (D.C. Cir. 2013) ("When the petitioner's standing is not self-evident . . . the petitioner must supplement the record to the extent necessary to explain and substantiate its entitlement to judicial review."). Courts have repeatedly found this type of conjectural alleged harm to be insufficient for standing purposes. *Elec. Privacy Info. Ctr. v. U.S. Dep't of Education*, 48 F. Supp. 3d 1, 19 (D.D.C. 2014) (refusing to find an "injury in fact based on allegations and evidence showing only a vague possibility that [Plaintiffs'] personal

---

[2] Mr. Goldstein filed a complaint against Facebook on August 28 of this year, shortly before he filed his motion to intervene, alleging "liability for aiding and abetting acts of international terrorism," "copyright infringement," and "conspiracy to interfere with civil rights." *See Goldstein v. Facebook, Inc.*, 6:19-cv-00389-JCB-KNM (E.D. Tex. Aug. 28, 2019), ECF No. 1.

information might be stolen at some point in the future.  That is not sufficient to demonstrate the imminence that constitutional standing requires."); *Pub. Citizen, Inc. v. Trump*, 297 F. Supp. 3d 6, 22 (D.D.C. 2018) (the party seeking standing could not "show that the relevant third parties will react to the challenged action in such manner as to create that substantial risk. . . .  Court[s] must reject as overly speculative predictions of future injury that are not normally susceptible of labelling as 'true' or 'false.'" ) (internal citations and quotation marks omitted).

Mr. Goldstein also has not shown that his claimed injury would be fairly traceable to entry of the proposed settlement.  Indeed, he provides no explanation whatsoever as to how approval of the settlement would make deletion of his account more likely to occur.

Moreover, Mr. Goldstein's purported injury is not redressable by a favorable decision from the Court.  To the extent Mr. Goldstein is challenging specific parts of the proposed settlement, the government's enforcement discretion regarding which remedies to seek is unreviewable in court; as such, he cannot compel the government to pursue particular claims or remedies.  *See Elec. Privacy Info. Ctr. v. FTC*, 844 F. Supp. 2d 98, 106 (D.D.C. 2012), *aff'd*, No. 12-5054, 2012 WL 1155661 (D.C. Cir. Mar. 5, 2012) ("At bottom, the FTC's decision whether to take action with respect to a potential violation of the Consent Order is a quintessential enforcement decision that is committed to the agency's discretion and is not subject to judicial review."); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion.").  Thus, even if the Court were to decide not to enter the proposed settlement in its current form, it is still entirely speculative whether this would alleviate Mr. Goldstein's concerns about the deletion of his Facebook account data, as the government would be free to revise the settlement

as it deems appropriate. Notably, Mr. Goldstein's motion does not attempt to explain why such a decision from the Court would remedy his concerns.

    2.    *Timeliness*

Second, despite Mr. Goldstein's claim that his motion is timely because he filed it "as soon as he learned the details of the proposed settlement," Goldstein Motion at 2, the more relevant metric to consider is the time that has elapsed since the government filed its highly publicized complaint and proposed settlement, which, in this case, is nearly two months. *See Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) (noting that "the time elapsed since the inception of the suit" is one relevant factor for timeliness). Allowing Mr. Goldstein to intervene at this point in the case would unfairly disadvantage the parties and delay proceedings—particularly because Mr. Goldstein has indicated that, if allowed, he would raise a number of irrelevant issues that, in his view, would require extensive, fact-intensive briefing. *See id.* ("[I]n assessing timeliness a court must weigh whether any delay in seeking intervention [would] unfairly disadvantage[] the original parties.").

    3.    *Legally Protected Interest*

Third, even if Mr. Goldstein had somehow satisfied the standing requirements of Article III, it is clear that he does not have a legally protected interest in the matter, which Federal Rule of Civil Procedure 24(a) requires. Mr. Goldstein's contention that he is a "party in interest," Goldstein Motion at 2, seemingly because he has filed an unrelated lawsuit against Facebook in the Eastern District of Texas alleging a wide variety of transgressions (including copyright infringement and "conspiracy to interfere with civil rights," Goldstein Motion at 3) is meritless. The proposed settlement is unrelated to Mr. Goldstein's other lawsuit and concerns only the government and Facebook; there are no other signatories or bound parties. *See United States v.*

*Carrols Dev. Corp.*, 454 F. Supp. 1215, 1220 (N.D.N.Y. 1978), *modified*, No. 76-CV-170, 1981 WL 2184 (N.D.N.Y. Oct. 16, 1981) (parties who sought to intervene in civil antitrust action brought by the United States failed to show that their purported interests in the subject of the action would be impaired by entry of proposed consent order because they were not parties to the action and thus the order was not binding upon them). Indeed, the only type of claim being resolved by the proposed settlement is under the FTC Act, which contains no private right of action. *See Hardaway v. Syneron, Inc.*, 928 F. Supp. 2d 217, 218 (D.D.C. 2013), *aff'd*, No. 13-7054, 2013 WL 5612534 (D.C. Cir. Sept. 26, 2013) ("It is long-established that the FTCA does not provide a private cause of action."). Thus, Mr. Goldstein has no possible claim under the FTC Act that could be impaired or released by this settlement.

   4.     *Impairment of Interest*

Fourth, Mr. Goldstein has not demonstrated why the proposed settlement would impair his alleged interest in retaining evidence for his other lawsuit. Although he claims that the proposed settlement would allow Facebook to "erase or spoliate discoverable evidence in its possession, necessary for [Goldstein's Texas] lawsuit," Goldstein Motion at 4, such erasure is (1) entirely hypothetical and (2) not made more likely by the proposed settlement. The provision in the proposed settlement to which Mr. Goldstein points does not say anything about Facebook deleting data from users in Mr. Goldstein's situation, whose accounts have been disabled.

   5.     *No Adequate Representation*

Finally, Mr. Goldstein does not attempt to argue that the government does not adequately represent his interests. Instead, he vaguely asserts that he "[d]efends [hi]s and [the] [p]ublic['s] [i]nterest in the [c]ase," presumably because Facebook allegedly retains evidence that is relevant to "multiple other legal and national security matters." Goldstein Motion at 7-8. This is insufficient for purposes of Federal Rule of Civil Procedure 24(a), which requires a "heightened

showing of inadequate representation if a government party acts on behalf of its citizens to redress injury they suffered, as [the] FTC does." *FTC v. First Capital Consumer Membership Servs., Inc.*, 206 F.R.D. 358, 364-65 (W.D.N.Y. 2001) (denying motion to intervene because the intervenor "cannot argue that its interest differs from the FTC's interest"); *see also United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 402 (9th Cir. 2002) (noting courts generally adopt a "presumption of adequacy of government representation").

### B. The Court Should Not Permit Goldstein to Intervene Pursuant to Federal Rule of Civil Procedure 24(b)

Similarly, Mr. Goldstein fails to satisfy the requirements for permissive intervention under Rule 24(b). To the contrary, allowing intervention would "unduly delay or prejudice the adjudication of the original parties' rights," which is exactly what Rule 24(b) cautions courts to avoid. And it would undermine one of the primary purposes of settlement: avoiding litigation. *See United States v. Associated Milk Producers, Inc.*, 394 F. Supp. 29, 44 (W.D. Mo. 1975), *aff'd*, 543 F.2d 113 (8th Cir. 1976) ("The very process of formal intervention . . . would threaten to eliminate one of the major motivating factors that leads both the Government and the defendants to attempt to work out an appropriate decree, since intervention would force on the Government and defendants at least some of the burdens of litigation that both . . . have sought to avoid.") (quoting Assistant Attorney General Donald F. Turner, *Note Private Participation in Department of Justice Antitrust Proceedings*, 39 Univ. of Chicago L.Rev. Fall 1971). As one district court explained, "[w]ere [the] Court to grant [the] motion to intervene, it would be logic-bound to allow all investors and interested members of the public with differing viewpoints to intervene in the underlying actions. This is one of the principal reasons that permissive intervention by individual investors in SEC actions is rarely granted"—"such large-scale

intervention would cause incalculable confusion, add unmanageable complexity, and bring [the] Court's review and administration of the underlying actions to a halt." *SEC v. Bear, Stearns & Co., Inc.*, 2003 WL 22000340, at *4 (S.D.N.Y. Aug. 25, 2003). "In such circumstances, courts have consistently denied permissive intervention by private parties." *Carrols*, 454 F. Supp. at 1221; *see also Envtl. Defense v. Leavitt*, 329 F. Supp. 2d 55, 70-71 (D.D.C. 2004) (denying non-party's motion to intervene and granting parties' motion to enter the EPA's consent decree, citing the general "policy of favoring consent decrees"). This Court should do the same and deny Mr. Goldstein's motion.

### C. Conclusion

Facebook opposes Mr. Goldstein's motion to intervene under Rules 24(a) or 24(b) and respectfully requests that the Court deny the motion.

Dated:   September 23, 2019                    Respectfully submitted,

                                                  */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz (SBN 1033391)
jlipshutz@gibsondunn.com
Thomas G. Hungar (SBN 447783)
thungar@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W., Suite 300
Washington, DC  20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Orin Snyder (SBN 2116424)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Olivia Adendorff (SBN 24069994)
oadendorff@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

*Counsel for Defendant Facebook, Inc.*