IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br>a corporation,<br><br>        Defendant. | Case No. 19-cv-2184 (TJK) |

**FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE**

Defendant Facebook, Inc. ("Facebook") respectfully submits this surreply in opposition to the motion to intervene filed by non-party Electronic Privacy Information Center ("EPIC") (ECF No. 5). Facebook also joins the United States' surreply to EPIC's motion to intervene (ECF No. 27).

In accordance with the Court's minute order of December 10, 2019, this surreply addresses only EPIC's untimely arguments, raised for the first time in its Reply (ECF No. 13), that it has a valid Administrative Procedure Act ("APA") claim that gives it a legally protected interest and Article III standing to intervene. EPIC's belated proposed complaint fails to identify any legally protected interest under the APA and is insufficient to support intervention under Rule 24(a). Accordingly, Facebook respectfully requests that the Court deny EPIC's motion to intervene and enter the proposed Stipulated Order in accordance with the established federal policy favoring approval of consent decrees. *See, e.g.*, *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) ("'[V]oluntary settlement of civil controversies is in high judicial favor'") (citation omitted).[1]

---

[1] Although this surreply addresses only the issues identified in the Court's minute order, EPIC's motion to intervene should also be denied for all the reasons set forth in Facebook's and the United States' oppositions to that motion, including EPIC's failure to comply with the requirements of Federal Rule of Civil Procedure 24(c) and Local Civil Rule 7(j) by not

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-1-

## ARGUMENT

EPIC's purported APA cause of action does not give rise to a legally protected interest cognizable under Rule 24(a). Proposed intervenors must identify "an interest relating to the property or transaction that is the subject of the action" and demonstrate "that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a); *see also Jones v. Prince George's Cnty.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003) (required elements for Rule 24(a) motion include "interest" and "impairment of interest"). The interest requirement "refers not to *any* interest the applicant can put forward, but only to a legally protectable one." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998); *see also Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 7 (D.D.C. 2018) ("In the context of intervention in challenges to agency rules, the D.C. Circuit has explained that a sufficient legal interest . . . typically is established where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit.") (citation omitted).

Under the APA, EPIC has no legally protected interest at stake in this proceeding. EPIC argues that 5 U.S.C. § 706(2)(A) purportedly grants it a cause of action to challenge two aspects of the FTC's litigating position: (1) the FTC's decision to release certain potential claims against Facebook without specifically addressing various complaints that EPIC has submitted to the FTC regarding Facebook, and (2) the FTC's proposal to modify the 2012 Order entered in FTC Docket No. C-4365 in the manner reflected in the proposed Stipulated Order, instead of entering a new administrative order and seeking public comment. ECF No. 13, 4-5. EPIC's theory fails as a matter of law for several reasons. First, the FTC's decision to settle and release potential claims is an exercise of enforcement authority that is committed to agency discretion by law and

---

submitting its proposed pleading with its motion. *See Friends of the Earth v. EPA*, No. 12-0363 (ABJ), 2012 WL 13054264, at * 2 (D.D.C. Apr. 11, 2012) (noting that where movant fails to file a pleading setting out the claims or defenses for which intervention is sought, "the Court could deny the motion based on that failure to comply with the federal rules alone").

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-2-

therefore not reviewable under the APA.  Nor does the APA confer any right to comment on those discretionary decisions.  Second, the submission of a proposed consent decree to a court of law for approval is not final agency action and therefore is not reviewable under the APA—and should this court enter the consent decree, that would be judicial action, not agency action reviewable under the APA.

A.  **EPIC Lacks Standing And Has No Legally Protectable Interest Because It Is Not Aggrieved Within The Meaning Of The APA**

Parties may seek judicial review of agency action only when they have "suffer[ed] legal wrong because of agency action, or [were] adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702.  Similarly, to satisfy the injury-in-fact requirement of Article III standing, a proposed intervenor must establish that absent intervention it will suffer the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  EPIC cannot satisfy these requirements because it has not suffered a concrete and actual or imminent "legal wrong" or been "aggrieved" by the FTC actions it seeks to challenge, namely, the FTC's proposed settlement of its dispute with Facebook in a manner that resolves the complaints submitted by EPIC through this Court's entry of the Stipulated Order.

EPIC's submission of complaints to the FTC gave it no special status and conferred no legally cognizable interest in the resolution of those complaints.  *See* 16 C.F.R. § 2.2(b) (2012) ("The person making the complaint or request is not regarded as a party to any proceeding that might result from the investigation").  Filing a complaint does not automatically initiate a proceeding, obligate the FTC to take any action, or otherwise give rise to any right to compel agency action.  *See, e.g., Elec. Privacy Info. Ctr. v. FTC*, 844 F. Supp. 2d 98, 104 (D.D.C. 2012) ("The use of mandatory language in [cited] criminal statutes has never been interpreted to confer an enforceable duty on the Executive Branch under the APA to prosecute every arguable violation of the statute . . . ."); 16 C.F.R. § 2.3 (1967) ("The Commission acts only in the public

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-3-

interest and does not initiate an investigation or take other action when the alleged violation of law is merely a matter of private controversy and does not tend adversely to affect the public . . . ."). Accepting EPIC's argument would invite intervention as of right by any disappointed member of the public who had filed a complaint with the FTC, thereby undermining both the agency's unreviewable enforcement discretion and this Circuit's well-established, strong policies favoring settlements.

In *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), the Supreme Court held that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  As this Court observed in prior litigation involving a challenge by EPIC to the FTC's alleged non-enforcement of another consent decree, the FTC's choice to resolve EPIC's complaints by seeking judicial entry of a consent decree is "a quintessential enforcement decision that is committed to the agency's discretion and is not subject to judicial review." *Elec. Privacy Info. Ctr.*, 844 F. Supp. 2d at 105-06 (citing *Massachusetts v. EPA*, 549 U.S. 497, 527 (2007) ("[Agency] discretion is at its height when the agency decides not to bring an enforcement action . . . .")).  And the D.C. Circuit has repeatedly indicated that "an agency's decision to settle or dismiss an enforcement action is nonreviewable under *Heckler v. Chaney*." *N.Y. State Dep't. of Law v. FCC*, 984 F.2d 1209, 1214 (D.C. Cir. 1993) (citing *Schering Corp. v. Heckler*, 779 F.2d 683 (D.C. Cir. 1985)).

Contrary to EPIC's allegations, therefore, the FTC's decision to negotiate, and seek judicial approval of, the settlement without separately addressing each of EPIC's complaints is not "agency action" pursuant to the APA that would give rise to an APA claim.  EPIC has no legally protectable interest in the FTC's resolution of those complaints, and accordingly the FTC's proposal to release various potential claims against Facebook in exchange for the broad remedies set forth in the Stipulated Order will not "impair or impede" EPIC's "ability to protect" any cognizable interest.  Fed. R. Civ. P.  24(a).[2]

---

[2]   Facebook further addresses EPIC's allegations regarding the scope of the release in its Response to Amicus Curiae Briefs and incorporates those arguments here.  *See* ECF No. 30

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-cv-2184

-4-

EPIC's claim that it was denied an opportunity to comment likewise fails to identify any legally protectable interest.  Because the decision to conclude enforcement proceedings is left entirely to the discretion of the FTC, it is irrelevant that the FTC followed past precedent and proposed a Stipulated Order modifying the 2012 Consent Order rather than initiate a new purely administrative proceeding that might have entailed (in the FTC's discretion) an opportunity to comment on a new administrative order.  The Rule 2.34(c) comment procedure cited by EPIC "is optional, it is not subject to the APA's informal rulemaking standards, and it does not require the agency to respond to public comments." *In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices and Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1221 (D.N.M. 2017).  Moreover, the rule has no application here.  Nothing in the text of the cited rule requires that proposed judicial decrees be submitted for public comment, and the FTC's decision not to seek public comment for the proposed Stipulated Order is consistent with over a decade of FTC precedent.  Indeed, there does not appear to be a single example of the FTC seeking public comment for a federal court order.  S*ee, e.g.*, *FTC v. Vizio, Inc.*, No. 2:17-cv-00758 (D.N.J. 2017) (government filed a consent order for court approval *without* a notice and comment period); *United States v. Upromise, Inc.*, No. 1:17-cv-10442 (D. Mass. 2017) (same); *FTC v. Ruby Corp.*, No. 1:16-cv-02438 (D.D.C. 2016) (same); *United States v. InMobi Pte Ltd.*, No. 3:16-cv-03474 (N.D. Cal. 2016) (same); *FTC v. Ramey Motors, Inc.*, No. 1:14-cv-29603 (S.D.W.V. 2015) (same); *FTC v. LifeLock, Inc.*, No. 2:10-cv-00530 (D. Ariz. 2015) (same); *United States v. Billion Auto, Inc.*, No. 5:14-cv-04118 (N.D. Iowa 2014) (same); *United States v. Google*, No. 5:12-cv-04177 (N.D. Cal. 2012) (same); *FTC v. Toys "R" Us, Inc.*, No. 11-0635 (D.D.C. 2011) (same); *FTC v. Bristol-Myers Squibb Co.*, No. 1:09-cv-00576 (D.D.C. 2009) (same); *FTC v. CVS Pharmacy, Inc.*, No. 1:09-cv-00420 (D.R.I. 2009) (same).

---

at 7 ("The FTC conducted a nearly year-long investigation of order violation claims and of Section 5 claims that the FTC knew of, and those claims are either addressed in the Stipulated Order or were, in the FTC's discretion, deemed meritless.").

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-5-

For all these reasons, EPIC has suffered no "legal wrong" and is not "aggrieved" by the FTC's decision to submit this matter to the Court for potential entry of a consent decree. As a result, EPIC lacks standing to intervene and has no legally protected interest sufficient to support intervention under Rule 24(a).

**B.     Entry Of The Stipulated Order Is A *Judicial Act*, Not Final Agency Action Subject To Challenge Under The APA**

The APA permits reviewing courts to "hold unlawful and set aside *agency action*, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (emphasis added). As numerous courts in this circuit and elsewhere have held, however, a consent order or consent decree is a "judicial act" and, accordingly, "adoption of a consent decree is not an agency act under the APA." *Home Builders Ass'ns of N. Cal. v. Norton*, 293 F. Supp. 2d 1, 5 (D.D.C. 2002) (rejecting APA challenge to agency's request for entry of a consent order because the order was a judicial act); *see also Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 9 (D.D.C. 2013), *judgment entered,* 301 F.R.D. 14 (D.D.C. 2014), and *aff'd,* 601 F. App'x 1 (D.C. Cir. 2015) ("Approving a consent decree 'is a judicial act.'"); *Citizens for a Better Env't*, 718 F.2d at 1125 (stating that the consent "decree itself must be treated 'as a judicial act'") (quoting *United States v. Swift & Co.*, 286 U.S. 106, 115 (1932)).[3]

Issuance of a proposed administrative consent order prior to judicial adoption is not reviewable under the APA because it is not "final agency action" within the meaning of 15 U.S.C. § 704. To constitute final agency action, the challenged agency action must be one by which 'rights or obligations have been determined, or from which legal consequences will flow."

---

[3]   The FTC's decision to seek a judicial decree here is consistent with federal law. *See* 15 U.S.C. § 45(l) ("Any person, partnership, or corporation who violates an order of the Commission after it has become final . . . shall forfeit and pay to the United States a civil penalty . . . which shall accrue to the United States and may be recovered *in a civil action brought by the Attorney General* of the United States . . . .") (emphasis added)); *id.* § 45(m)(1)(A) ("The Commission may commence a civil action to recover a civil penalty in a district court of the United States against any person, partnership, or corporation . . . .").

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-6-

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citation omitted). "A court therefore must consider whether the agency's position is definitive and whether it has a direct and immediate effect on the day-to-day business of the parties." *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 501 F. Supp. 2d 34, 48 (D.D.C. 2007) (internal quotation omitted).

The FTC's mere submission to the Court of the proposed Stipulated Order is plainly not final agency action reviewable under the APA. EPIC's alleged APA claims are based on what it characterizes as the FTC's decision "to grant Facebook immunity" by releasing certain potential claims in the proposed Stipulated Order and the FTC's proposal to amend the 2012 Order instead of entering a new administrative decision and order. *See generally* ECF No. 5-1. But the mere submission of the proposed Stipulated Order to the Court neither grants any "immunity" nor amends the 2012 Order. As the FTC explained when it published the proposed Stipulated Order, that Order will only "have the force of law when approved and signed by the district court judge,"[4] and the proposed administrative decision and order incorporated in the Stipulated Order further specifies that it will be "final and effective upon the date of its publication on the Commission's website (ftc.gov) as a final order." Stipulated Order, ECF No. 4-1, § XVI.

By its very terms, therefore, the proposed Stipulated Order lacks the force of law unless and until entered by the Court. Accordingly, it cannot constitute final agency action for purposes of the APA. *See* W. Hamilton Jordan, *Calibrating Judicial Scrutiny of Agency Enforcement Decrees*, 34 Yale L. & Pol'y Rev. 57, 79 (2015) ("The APA appears not to authorize judicial review of proposed agency enforcement decrees. That's because an agency's request for a consent judgment is likely not, as the Act requires, 'final agency action['] . . . [but rather] merely a proposal—a request, supported by written argument, for judicial action."); Jim Rossi, *Bargaining in the Shadow of Administrative Procedure: The Public Interest in Rulemaking Settlement*, 51 Duke L.J. 1015, 1076 (2001) ("The APA does not expressly provide for ex ante

---

[4]   Press Release, Fed. Trade Comm'n, *FTC Imposes $5 Billion Penalty and Sweeping New Privacy Restrictions on Facebook* (July 24, 2019), available at https://www.ftc.gov/news-events/press-releases/2019/07/ftc-imposes-5-billion-penalty-sweeping-new-privacy-restrictions.

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-7-

review of settlements and their terms outside of the context of judicial stays, suggesting that the textual support for such review is shaky.") (footnote omitted)); *cf. Basic Research, LLC v. FTC*, 807 F. Supp. 2d 1078, 1090-91 (D. Utah 2011) (holding that an FTC order was final when the order was adopted, described by the FTC as the "final order," and "[n]othing in the Order indicate[d] the decision [was] merely preliminary or non-binding").

Relatedly, if and when this Court approves and enters the proposed Stipulated Order, that will not be agency action either. Put simply, "a consent decree is a judicial act, rather than an agency act," and "[a]ccordingly, the APA is not applicable to the proposed consent decree." *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 834 F. Supp. 2d 1004, 1011, 1013–14 (D. Haw. 2011), *aff'd,* 672 F.3d 1160 (9th Cir. 2012) ("Because a consent decree is a 'judicial act' rather than an agency act, Federal Defendants are not required to ensure that their stipulation to the proposed consent decree complies with [the APA].").

Moreover, because settlement is "highly favored" in the D.C. Circuit, *United States v. MTU Am. Inc.*, 105 F. Supp. 3d 60, 63 (D.D.C. 2015), this Court has largely deferred to agencies' proposed settlements without engaging additional review of the agencies' procedures under the APA or otherwise modifying the substance of a proposed consent order, even if it "believes the [g]overnment could have negotiated a more exacting decree." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 743 (D.C. Cir. 2016); *see also Citizens for a Better Env't*, 718 F. 2d at 1120 (affirming district court's entry of proposed consent order "authorized and executed for the government by both EPA and the Department of Justice" and submitted to the court for approval); *SEC v. Hitachi, Ltd.*, No. 1:15-cv-01573 (CKK), 2015 WL 7566666 (D.D.C. Nov. 24, 2015) (granting parties' joint motion for approval and entry of proposed consent judgment enjoining defendant from violating Exchange Act and requiring defendant to pay civil penalty); *United States v. Hyundai Motor Co.*, 77 F. Supp. 3d 197 (D.D.C. 2015) (granting government's motion for entry of consent decree requiring monetary penalties and injunctive relief for violations of Clean Air Act); *United States v. Wells Fargo Bank, NA*, 891 F. Supp. 2d 143, 145 (D.D.C. 2012) (granting joint motion for entry of consent order because "short

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-cv-2184

-8-

of a decree that 'make[s] a mockery of judicial power,' the Court should accept an agreement between parties" ).  The same approach is required here.  Indeed, EPIC (and Amici) do not deny that courts in this Circuit regularly approve proposed consent decrees in circumstances like this, given the broad discretion afforded to agency enforcement actions.  And they fail to cite a single case where a court has rejected or modified a proposed FTC consent decree under the APA.

Even when (unlike here) a proposed consent decree would vacate and set aside prior agency action, the APA's requirements do not govern, because "it is well recognized that adopting a consent decree is a 'judicial act.'"  *Nat'l Ass'n of Home Builders v. Evans*, No. 00-CV-2799, 2002 WL 1205743, at *3 (D.D.C. Apr. 30, 2002) (citation omitted).  As the Court explained in that case, "the typical notice and comment requirements of [the APA]" simply do not "apply in this context, where the Court is approving a consent decree that vacates a rule." *Id*.; s*ee also Am. Forest Res. Council*, 946 F. Supp. at 26-27 (rejecting contention that the APA's requirements apply to proposed consent decree vacating a rule, on the ground that "a consent decree is a 'judicial act'" and thus the "Court may approve the consent decree proposed here, even though it would vacate critical habitat without formal notice and comment.").  *A fortiori*, then, the APA has no application here, where the proposed consent decree does not vacate an agency rule but instead strengthens the privacy protections embodied in the 2012 Order.

For all these reasons, the APA confers no legally protectable interest on EPIC here, and EPIC's purported APA claims provide no justification for intervention.

## CONCLUSION

EPIC's motion to intervene should be denied.

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-9-

Dated: January 24, 2020

Respectfully submitted,

/s/ *Joshua S. Lipshutz*
Joshua S. Lipshutz (SBN 1033391)
jlipshutz@gibsondunn.com
Thomas G. Hungar (SBN 447783)
thungar@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W., Suite 300
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Orin Snyder (SBN 2116424)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Counsel for Defendant Facebook, Inc.*

FACEBOOK, INC.'S SURREPLY TO NON-PARTY ELECTRONIC PRIVACY INFORMATION CENTER'S MOTION TO INTERVENE – CASE NO. 19-CV-2184

-10-