# Exhibit E



Office of Commissioner
Alvaro M. Bedoya

**UNITED STATES OF AMERICA**
## Federal Trade Commission
WASHINGTON, D.C. 20580

**Statement of Commissioner Alvaro M. Bedoya**
**In the Matter of Facebook, Inc.**
**Commission Docket No. C-4365**

**May 3, 2023**

Today, the Commission is ordering Meta Platforms, Inc. (formerly Facebook) to show cause why the Commission should not modify its 2020 Order and enter a new proposed order based on Facebook's record of alleged law violations and its independent assessor's findings that Facebook has not complied with the requirements of its privacy program, among other things.

There are limits to the Commission's order modification authority.[1] Here, the relevant question is not what I would support as a matter of policy. Rather, when the Commission determines how to modify an order, it must identify a nexus between the original order, the intervening violations, and the modified order.[2] Based on the record before me today, I have concerns about whether such a nexus exists for proposed Provision I.[3]

I look forward to hearing additional information and arguments and will consider these issues with an open mind.

---

[1] As a threshold matter, the FTC Act allows modification "whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require." 15 U.S.C. § 45(b). I believe we have satisfied this predicate.

[2] *See, e.g.,* Salazar v. D.C., 896 F.3d 489, 498 (D.C. Cir. 2018) ("When a plaintiff seeks to enhance a consent decree's terms, courts must be careful to ensure that the new injunctive terms give effect to and enforce the operative terms of the original consent decree. Courts may not, under the guise of modification, impose entirely new injunctive relief."); N. Texas Specialty Physicians v. FTC, 528 F.3d 346, 371 (5th Cir. 2008) (the Commission's order "should not be disturbed 'unless the remedy selected has no reasonable relation to the unlawful practices found to exist.'" (quoting Alterman Foods, Inc. v. FTC, 497 F.2d 993, 997 (5th Cir.1974))); Motor Veh. Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (agencies are required to "examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" (quoting Burlington Truck Lines, Inc. v. U.S., 371 U.S. 156, 168 (1962))).

[3] Provision I would place specific prohibitions on the handling of certain information from Youth Users. Proposed Decision and Order at 8-9, Facebook, Inc., FTC Dkt. No. C-4365 (2023) (Provision I: Prohibition on the Handling of Covered Information from Youth Users). Our Order to Show Cause highlights many privacy issues arising after the issuance of the 2020 Order that affected all of Respondent's users. *See generally* Order to Show Cause, Facebook, Inc., FTC Dkt. No. C-4365 (2023). However, none of these issues affected Youth Users in particular – even though Provision I concerns those users exclusively. The coding errors underlying Respondent's alleged misrepresentations concerning its Messenger Kids product were resolved before the Commission issued its 2020 Order. *See* Proposed Decision and Order, at ¶¶ 16-20.