# Exhibit N


**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# A Brief Overview of the Federal Trade Commission's Investigative, Law Enforcement, and Rulemaking Authority

*Revised*, May 2021

This memo focuses on law enforcement by the Federal Trade Commission ("Commission" or "FTC"). Appendices A and B are charts that synopsize antitrust and consumer protection powers under the FTC, Clayton, and Sherman Acts. Summaries of Commission enforcement authority under other statutes are available on this site, including links to statutes discussed below.

## I. Investigative Authority

### A. In General

The Commission may "prosecute any inquiry necessary to its duties in any part of the United States," FTC Act Sec. 3, 15 U.S.C. Sec. 43, and is authorized "to gather and compile information concerning, and to investigate from time to time the organization, business, conduct, practices, and management of any person, partnership, or corporation engaged in or whose business affects commerce, excepting banks, savings and loan institutions . . . Federal credit unions . . . and common carriers . . ." FTC Act Sec. 6(a), 15 U.S.C. Sec. 46(a).(1) Pre-complaint investigations are generally non-public. However, Commission policies may allow identification of investigations where the Commission determines the public interest warrants it or a merging party or target has disclosed the existence of the investigation.(2)

### B. Specific Investigative Powers

The Commission's specific investigative powers are defined in Sections 6, 9, and 20 of the FTC Act, 15 U.S.C. Secs. 46, 49, and 57b-1, which authorize investigations and various forms of compulsory process. In addition, the premerger notification provisions in Section 7A of the Clayton Act, 15 U.S.C. Sec. 18a, prohibit consummation of covered acquisitions until the parties provide the Commission with the requested information.

#### 1. Sections 9 and 20 of the FTC Act

Section 9 of the FTC Act authorizes the Commission to "require by **subpoena** the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. Sec. 49. Any member of the Commission may sign a subpoena (pursuant to a Commission-issued resolution for compulsory process in the matter), and both members and "examiners" (employees) of the agency may administer oaths, examine witnesses, and receive evidence. Id.; Commission Rule 2.5, 16 C.F.R. Sec. 2.5.

If a party fails to comply with a subpoena, the Commission may seek enforcement of the subpoena in "[a]ny of the district courts of the United States within the jurisdiction of which such inquiry is carried on." 15 U.S.C. Sec. 49. After the Commission files its petition to enforce a subpoena, and following receipt of any response from the subpoena recipient, the court may enter an order requiring compliance. Refusal to comply with a court enforcement order is subject to penalties for contempt of court.

The Bureau of Competition routinely uses the subpoena provisions of Section 9 to investigate alleged unfair methods of competition and other antitrust violations. By virtue of the FTC Act Amendments of 1994, the Bureau of Competition also may use "civil investigative demands" ("CIDs") for investigations of possible antitrust violations. However, the Bureau of Consumer Protection may use only CIDs, rather than subpoenas, to investigate possible "unfair or deceptive acts or practices." FTC Act Sec. 20, 15 U.S.C. Sec. 57b-1. The scope of a CID is different from that of a subpoena. Both subpoenas and CIDs may be used to obtain existing documents or oral testimony. But a CID may also require that the recipient "file written reports or answers to questions." 15 U.S.C. Sec. 57b-1(c)(1). In addition, Section 20 expressly authorizes the issuance of CIDs requiring the production of tangible things and provides for service of CIDs upon entities not found within the territorial jurisdiction of any court of the United States. 15 U.S.C. Sec. 57b-1(c)(7)(B).

Under Commission Rule 2.10, 16 C.F.R. Sec. 2.10, a party may raise objections to a subpoena or a CID by filing a **petition to limit or quash**. Such petitions will be resolved by the full Commission. The Commission may petition a federal district court to enforce the subpoena or CID in the event of noncompliance, although permissible venue is narrower in a CID enforcement action than in a subpoena enforcement case.

## 2. Section 6(b) of the FTC Act

Section 6 of the FTC Act provides another investigative tool. Section 6(b) empowers the Commission to require an entity to file "annual or special . . . reports or answers in writing to specific questions" to provide information about the entity's "organization, business, conduct, practices, management, and relation to other corporations, partnerships, and individuals." 15 U.S.C. Sec. 46(b). As with subpoenas and CIDs, the recipient of a 6(b) order may file a petition to limit or quash, and the Commission may seek a court order requiring compliance. If a party fails to comply with a 6(b) order after receiving a notice of default from the Commission, the Commission may commence suit in federal court under Section 10 of the FTC Act, 15 U.S.C. Sec. 50. After expiration of a thirty-day grace period, a defaulting party is liable for a penalty for each day of noncompliance. Id.; Commission Rule 1.98(f), 16 C.F.R. Sec. 1.98(f).

The Commission's 6(b) authority also enables it to conduct wide-ranging studies that do not have a specific law enforcement purpose. Section 6(f) authorizes the Commission to "make public from time to time" portions of the information that it obtains, where disclosure would serve the public interest. 15 U.S.C. Sec. 46(f). An example is the Commission's October 2016 report on "Patent Assertion Entity Activity."

### 3. Section 6(f) and Section 21 of the FTC Act

Section 6(f) also authorizes the agency to share confidential information with other appropriate enforcement agencies, subject to appropriate limitations and confidentiality assurances. This allows the FTC and other law enforcers to cooperate and minimize duplication in investigations.

Section 21, 15 U.S.C. Sec. 57b-2, establishes the conditions and procedures for confidential treatment of various types of materials and information obtained by the Commission.

### 4. Section 21b of the FTC Act

Section 21B, 15 U.S.C. Sec. 57b-2b, protects certain entities (for example, internet service providers and consumer reporting agencies) from liability for voluntary disclosures to the Commission about suspected fraud or deception, about recovery of assets for consumer redress or about consumer complaints sent to them.

### 5. Premerger Notification

In merger investigations, the Commission also relies on Section 7A of the Clayton Act, 15 U.S.C. Sec. 18a, which was added by the Hart-Scott-Rodino Act of 1976. Under Section 7A, parties to covered mergers or acquisitions must notify the FTC and the Department of Justice before consummating the proposed acquisition and wait a specified number of days before consummation. In general, certain proposed acquisitions of voting securities, non-corporate interests or assets must be reported to the FTC and the Department of Justice prior to consummation. Whether a particular acquisition is subject to the Section 7A requirements depends upon the value of the acquisition and the size of the parties, as measured by their sales and assets. Should the Commission or the Department of Justice decide that further examination is warranted, it may seek additional information or documentary materials by issuing a "second request" to the parties. When such a request is issued, the waiting period is extended and the subject transaction may not be consummated until the conclusion of a specified period following the parties' compliance with the request. Although parties are not obligated to comply with a second request, consummation of the transaction without complying is illegal. Thus, the premerger notification provisions of the Clayton Act are a powerful incentive for companies to submit information that the government needs to evaluate acquisitions. Should the parties consummate the transaction without observing the requirements of the Clayton Act, the Commission may seek both injunctive relief and civil penalties, as appropriate, under Section 7A(g) of the Clayton Act. The Commission may also grant an early termination of a waiting period. More information about premerger notification (including Notices of early termination) is available here.

## 6. Pharmaceutical Agreement Filings

The Medicare Prescription Drug, Improvement, and Modernization Act of 2003 requires that brand name drug manufacturers and generic drug applicants file certain agreements with the Federal Trade Commission and the Department of Justice within 10 business days of execution of the agreement and imposes penalties for noncompliance. Under the Patient Right to Know Drug Prices Act of 2018, certain agreements involving biosimilar biological drugs must be filed in the same way. Information about what types of agreements must be filed, filing deadlines, and where to file, is set forth here. Unlike the merger review process under the Hart-Scott-Rodino Act, there is no prescribed timetable for the FTC's review. The FTC neither approves nor denies approval to the filed agreements.

## 7. International Investigations

Under the International Antitrust Enforcement Assistance Act ("IAEAA"), 15 U.S.C. Secs. 6201 *et seq.*, the FTC may invoke all of its investigative tools to obtain materials or information from domestic sources for the use of foreign antitrust authorities, and may seek investigative assistance from those authorities, for antitrust matters, pursuant to mutual or bilateral assistance agreements established under the IAEAA. FTC Act Sections 6(i) and 20(a)(8)(C), 15 U.S.C. Secs. 46(i) and 57b-1(a)(8)(C), incorporate the IAEAA investigative authority into the FTC Act.

The "Undertaking Spam, Spyware, And Fraud Enforcement With Enforcers beyond Borders Act of 2006" (the "U.S. SAFE WEB Act of 2006" or "Safe Web") (Pub. L. No. 109-455, extended by Pub. L. 112–203) added subsection (j) to Section 6, allowing the Commission to use all of its investigative powers to conduct investigations and discovery to help foreign law enforcement agencies in appropriate consumer protection matters. Section 6(j)(4), 15 U.S.C. Sec. 46(j)(4), authorizes the Commission, with the approval of the Secretary of State, to negotiate and conclude international agreements in the name of the United States or the Commission if foreign law requires an agreement as a condition for reciprocal assistance or information sharing. Safe Web amended Sections 6(f) and 21(b), 15 U.S.C. Secs. 46(f) and 57b-2(b), to authorize disclosure of confidential materials or information to foreign law enforcement agencies in consumer protection matters, subject to appropriate confidentiality constraints.

# II. ENFORCEMENT AUTHORITY

Following an investigation, the Commission may initiate an enforcement action using either an administrative or judicial process if it has "**reason to believe**" that the law is being or has been violated. The Commission enforces both consumer protection and antitrust laws. Violations of some laws may result in civil penalties, which are adjusted annually for inflation. Commission Rule 1.98, 16 C.F.R. Sec. 1.98.

## 1. Consumer Protection

Section 5(a) of the FTC Act provides that "**unfair or deceptive acts or practices** in or affecting commerce . . . are . . . declared unlawful." 15 U.S.C. Sec. 45(a)(1). Safe Web clarified that "unfair or deceptive acts or practices" in Section 5(a) include such acts or practices involving foreign commerce that cause or are likely to cause reasonably foreseeable injury within the United States or involve material conduct occurring within the United States. 15 U.S.C. Sec. 45(a)(4)(A).

"Deceptive" practices are defined in the Commission's [Policy Statement on Deception](#) as involving a material representation, omission or practice that is likely to mislead a consumer acting reasonably in the circumstances. An act or practice is "unfair" if it "causes or is likely to cause **substantial injury** to consumers which is **not reasonably avoidable** by consumers themselves and **not outweighed by countervailing benefits** to consumers or to competition." 15 U.S.C. Sec. 45(n).

In addition, the Commission enforces a variety of other consumer protection statutes that prohibit specifically defined practices. These statutes generally specify that violations are to be treated as if they were "unfair or deceptive" acts or practices under Section 5(a); many also provide that violations are to be treated as if they were violations of a trade regulation rule issued under Section 18 of the FTC Act (and thus subject to civil penalties). Summaries of the statutes giving the Commission enforcement powers are available on [this site](#).

## 2. Competition

The Commission enforces various antitrust laws through its Bureau of Competition. The two most significant statutory provisions are Section 5(a) of the FTC Act and the Clayton Act. Section 5(a) of the FTC Act, 15 U.S.C. Sec. 45(a), prohibits, *inter alia*, "unfair methods of competition." **Unfair methods of competition** include any conduct that would violate the Sherman Antitrust Act or the Clayton Act. Among other things, the Clayton Act prohibits corporate **acquisitions that may substantially lessen competition** (Section 7, 15 U.S.C. Sec. 18) and also bars certain forms of price discrimination (Section 2 of the Robinson Patman Act, 15 U.S.C. Secs. 13-13b).

### A. Administrative Enforcement of Consumer Protection and Competition Laws

In the administrative process, the Commission determines in an adjudicative proceeding whether a practice violates the law. Under Section 5(b) of the FTC Act, the Commission may challenge "unfair or deceptive act[s] or practice[s]," "unfair methods of competition," or violations of other laws enforced through the FTC Act, by instituting an administrative adjudication. When the Commission has "**reason to believe**" that a law violation has occurred, the Commission may issue a complaint setting forth its charges. If the respondent elects to settle the charges, it may sign a consent agreement (without admitting liability), consent to entry of a final order, and waive all right to judicial review. If the Commission accepts the proposed consent agreement, it places the order on the record for thirty days of public comment (or for such other period as the Commission may specify) before determining whether to make the order final.

For violations of the Clayton Act, Section 11 of the Clayton Act, 15 U.S.C. Sec. 21, parallels Section 5(b) of the FTC Act in authorizing administrative adjudication.

## 1. Administrative Adjudication

If the respondent elects to contest the charges, the complaint is adjudicated before an administrative law judge ("ALJ") in a trial-type proceeding conducted under the Commission's Rules of Practice. The prosecution of a matter is conducted by FTC "complaint counsel," who are staff from the relevant bureau or a regional office. Upon conclusion of the hearing, the ALJ issues an "initial decision" setting forth his or her findings of fact and conclusions of law, and recommending either entry of an order to cease and desist or dismissal of the complaint. Either complaint counsel or respondent, or both, may appeal the initial decision to the full Commission. In limited cases, including certain merger cases, the Commission's rules provide that the appeal is automatic.

Upon appeal of an initial decision, the Commission receives briefs, holds oral argument, and thereafter issues its own final decision and order. The Commission's final decision is appealable by any respondent against which an order is issued. The respondent may file a petition for review with any United States court of appeals within whose jurisdiction the respondent resides or carries on business or where the challenged practice was used. FTC Act Section 5(c), 15 U.S.C. Sec. 45(c). If the court of appeals affirms the Commission's order, the court enters its own order of enforcement. The party losing in the court of appeals may seek review by the Supreme Court. Commission decisions and orders are available on this site.

## 2. Enforcing Final Commission Orders

A Commission order (except an order to divest assets) generally becomes final (i.e., binding on the respondent) 60 days after it is served, unless the order is stayed by the Commission or by a reviewing court. Divestiture orders become final after all judicial review is complete (or if no review is sought, after the time for seeking review has expired). If a respondent violates a final order, it is liable for a civil penalty for each violation. FTC Act Section 5(l), 15 U.S.C. Sec. 45(l). The penalty is assessed by a federal district court in a suit brought to enforce the Commission's order. The court may also issue "mandatory injunctions" and "such other and further equitable relief" as is deemed appropriate.

## 3. Redress After an Administrative Order is Entered

In addition (after all judicial review of its order is complete), the Commission may seek consumer redress from the respondent in federal district court for consumer injury caused by the conduct that was at issue in the administrative proceeding. In such a suit, which lies under Section 19 of the FTC Act, 15 U.S.C. Sec. 57b, the Commission must demonstrate that "a reasonable man would have known under the circumstances [that the conduct] was dishonest or fraudulent."

## 4. Civil Penalty Enforcement Against Non-Respondents in Consumer Protection Matters

Where the Commission has determined in a litigated administrative adjudicatory proceeding that a practice is unfair or deceptive and has issued a final cease and desist order, the Commission may obtain civil penalties from non-respondents who thereafter violate the standards articulated by the Commission. To accomplish this, the Commission must show that the violator had "actual knowledge that such act or practice is unfair or deceptive and is unlawful" under Section 5(a)(1) of the FTC Act. FTC Act Section 5(m)(1)(B), 15 U.S.C. Sec. 45(m)(1)(B). To prove "actual knowledge," the Commission typically shows that it provided the violator with a copy of the Commission determination about the act or practice in question, or a "synopsis" of that determination.

## B. Judicial Enforcement

Even where the Commission determines through adjudication that a practice violates consumer protection or competition law, the Commission must still seek the aid of a court to obtain civil penalties or consumer redress for violations of its orders to cease and desist or trade regulation rules (discussed below). In this section, we discuss the Commission's ability to challenge a practice directly in court, without first making a final agency determination that the challenged conduct is unlawful.

Section 13(b) of the FTC Act, 15 U.S.C. Sec. 53(b), authorizes the Commission to seek preliminary and permanent injunctions to remedy "any provision of law enforced by the Federal Trade Commission." Whenever the Commission has "reason to believe" that any party "is violating, or is about to violate" a provision of law enforced by the Commission, the Commission may ask the district court to enjoin the allegedly unlawful conduct, pending completion of an FTC administrative proceeding to determine whether the conduct is unlawful. Further, "in proper cases," the Commission may seek, and the court may grant, a permanent injunction.

In the competition context, the Commission has used Section 13(b) primarily to obtain preliminary injunctive relief against corporate mergers or acquisitions pending completion of an FTC administrative proceeding. In addition, in some circumstances, the Commission may obtain permanent injunctive relief.

## III. Rulemaking Authority

The Commission may use rulemaking to address unfair or deceptive practices or unfair methods of competition that occur commonly, in lieu of relying solely on actions against individual respondents.

The Commission's rulemaking authority comes from Section 6(g) of the FTC Act, 15 U.S.C. Sec. 46, which authorizes the Commission "to make rules and regulations for the purpose of carrying out the provisions of this subchapter." See *Nat'l Petroleum Refiners Ass'n v. FTC*, 482 F.2d 672, 693 (D.C. Cir. 1973), cert. denied, 415 U.S. 951 (1974) (Commission has authority to require octane labels on gasoline pumps).  In 1975, Section 18 of the FTC Act, 15 U.S.C. Sec. 57a, became the Commission's exclusive authority for issuing rules with respect to unfair or deceptive acts or practices under the FTC Act; Section 6(g) continues to authorize rules concerning unfair methods of competition.

Under Section 18 of the FTC Act, 15 U.S.C. Sec. 57a, the Commission is authorized to prescribe "rules which define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce" within the meaning of Section 5(a)(1) of the Act. These rules are known as "trade regulation rules." Among other things, the statute requires that Commission rulemaking proceedings provide an opportunity for informal hearings at which interested parties are accorded limited rights of cross-examination. Before commencing a rulemaking proceeding, the Commission must have reason to believe that the practices to be addressed by the rulemaking are "prevalent." 15 U.S.C. Sec. 57a(b)(3).

Once the Commission has promulgated a trade regulation rule, anyone who violates the rule "with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule" is liable for civil penalties for each violation.[3] The Commission obtains such penalties by filing a suit in federal district court under Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. Sec. 45(m)(1)(A). In addition, any person who violates a rule (irrespective of the state of knowledge) is liable for injury caused to consumers by the rule violation. The Commission may pursue such recovery in a suit for consumer redress under Section 19 of the FTC Act, 15 U.S.C. Sec. 57b.

These procedures apply only to rules with respect to unfair or deceptive acts or practices promulgated under authority of the FTC Act. In addition, various other statutes authorize Commission rulemaking; such rulemaking is typically promulgated in accordance with section 553 of title 5, United States Code. These statutes generally provide that a violation is treated as a violation of the FTC Act, and often provide that a violation is treated as a violation of a trade regulation rule promulgated under FTC Act Section 18. Section 22 of the FTC Act, 15 U.S.C. Sec. 57b-3, contains procedural requirements that apply to the Commission's rules. All Commission rules are published in Title 16 of the Code of Federal Regulations.

# Endnotes

[1.] "Corporation" is defined to include any company, trust or association, incorporated or unincorporated, "which is organized to carry on business for its own profit or that of its members." FTC Act Sec. 4, 15 U.S.C. Sec. 44.

[2.] The existence of an FTC investigation is ordinarily nonpublic information. Pursuant to Commission policy, however, the existence of a non-merger investigation may be disclosed publicly if the Office of Public Affairs ("OPA") determines that a target has disclosed, in either a press release or a public filing with another governmental body, that it is the subject of an investigation. 63 Fed. Reg. 63477 (Nov. 13, 1998). The existence of a merger investigation may be disclosed if OPA determines that a party to the underlying transaction has disclosed the existence of the transaction in either a press release or a public filing with another governmental body. 62 Fed. Reg. 18630 (Apr. 16, 1997). Staff must get OPA authorization for any disclosure to be made under this authority. Nothing in this policy affects the authority of the Commission to make appropriate disclosures concerning the existence of a nonpublic investigation whenever it determines that doing so would be in the public interest. Id. In this circumstance, staff must obtain Commission authorization to make the disclosure.

3. For the current applicable civil penalty maximum, see Commission Rule 1.98(d), 16 C.F.R. Sec. 1.98(d).

# APPENDIX A

## SYNOPSIS OF ANTITRUST ENFORCEMENT AUTHORITY UNDER THE FTC, CLAYTON, AND SHERMAN ACTS

| Statute | Federal Trade Commission | Department of Justice | State Enforcement Authorities | Private Parties |
|---|---|---|---|---|
| **FEDERAL TRADE COMMISSION ACT** (15 U.S.C. §41 *et seq.*) | | | | |
| *Cease and Desist* | administrative cease and desist authority [§5(b) FTCA] | | | |
| *Injunctive (and Other Equitable) Relief* | judicially ordered injunctive relief [§13(b) FTCA; also §5(l) FTCA (for violations of cease and orders)] | | | |
| *Redress* | judicially ordered redress [§19 FTCA] | | | |
| *Rulemaking* | [§6(g) FTCA] | | | |
| *Civil Penalties* | judicially ordered civil penalties for violating cease and desist orders [§5(l) FTCA; Commission Rule 1.98(c)] | | | |
| *Criminal Penalties* | referral to U.S. Department of Justice [§16(b) FTCA] | | | |
| **CLAYTON ACT** (15 U.S.C. § 12 *et seq.*) | | | | |

| Statute | Federal Trade Commission | Department of Justice | State Enforcement Authorities | Private Parties |
|---|---|---|---|---|
| *Cease and Desist* | administrative cease and desist authority [§11(b) Clayton Act] | | | |
| *Injunctive (and Other Equitable) Relief* | judicially ordered injunctive relief [§13(b) FTCA; also §7A(g)(2) Clayton Act (for HSR reporting violations) and §11(l) Clayton Act (for violations of cease and desist orders)] | judicially ordered injunctive relief [§15 Clayton Act; also §7A(g)(2) Clayton Act (for HSR reporting violations)] | may apply to the courts as *parens patriae* for injunctive relief [§16 Clayton Act] | may apply to the courts for injunctive relief [§16 Clayton Act] |
| *Damages* | | may recover for injuries sustained by the United States Government (treble damages) [§4A Clayton Act] | may apply for treble damages as *parens patriae* [§4C Clayton Act] | may apply for treble damages [§4 Clayton Act] |
| *Civil Penalties* | judicially ordered civil penalties for violating cease and desist orders [§11(l) Clayton Act and Commission Rule 1.98(b); also §7A(g)(1) Clayton Act (for HSR reporting violations) and Commission Rule 1.98(a)] | judicially ordered civil penalties [§7A(g)(1) Clayton Act (for HSR reporting violations) and Commission Rule 1.98(a)] | | |
| *Criminal Fines* | | officer liability for corporate violation of penal provisions [§14 Clayton Act] | | |

**SHERMAN ANTITRUST ACT** (15 U.S.C. §1 *et seq.*)

| Statute | Federal Trade Commission | Department of Justice | State Enforcement Authorities | Private Parties |
|---|---|---|---|---|
| *Prosecution* | | | prosecution [§§ 1 & 2 Sherman Act] | |
| *Injunctive (and Other Equitable) Relief* | | judicially ordered injunctive relief [§4 Sherman Act] | may apply to the courts for injunctive relief [§16 Clayton Act] | may apply to the courts for injunctive relief [§16 Clayton Act] |
| *Damages* | | may recover for injuries sustained by the United States Government (treble damages) [§4A Clayton Act] | may apply for treble damages as *parens patriae* [§4C Clayton Act] | may apply for treble damages [§4 Clayton Act] |
| *Criminal Penalties* | | combinations [§1 Sherman Act]<br><br>monopolization [§2 Sherman Act] | | |
| *Miscellaneous* | | forfeiture [§6 Sherman Act] | | |

# APPENDIX B

# SYNOPSIS OF CONSUMER PROTECTION ENFORCEMENT AUTHORITY UNDER THE FEDERAL TRADE COMMISSION ACT

| Statute | Federal Trade Commission | Department of Justice | State Enforcement Authorities | Private Parties |
|---|---|---|---|---|
| **FEDERAL TRADE COMMISSION ACT** (15 U.S.C. §41 *et seq.*) | | | | |
| *Cease and Desist* | administrative cease and desist authority [§5(b) FTCA] | | | |
| *Prosecution* | | prosecution for violations of §12(a) FTCA [§14 FTCA] | | |
| *Injunctive (and Other Equitable) Relief* | judicially ordered injunctive relief [§13(b) FTCA; also §13(a) FTCA (for violations of §12(a) FTCA) and §5(l) FTCA (for violations of cease and desist orders)] | | | |
| *Rulemaking* | [§18 FTCA] | | | |
| *Redress* | judicially ordered redress also for rule violations [§19(a)(1) FTCA] and for "fraudulent or dishonest" conduct [§19(a)(2) FTCA] | | | |
| *Civil Penalties* | judicially ordered civil penalties for violating cease and desist orders [§5(l) FTCA and Commission Rule 1.98(c); also §5(m)(1)(A) FTCA (for violations of trade regulation rules) and Commission Rule 1.98(d); also §5(m)(1)(B) FTCA (for violations of adjudicatory cease and desist orders by non-parties) and Commission Rule 1.98(e)] | | | |

| Statute | Federal Trade Commission | Department of Justice | State Enforcement Authorities | Private Parties |
|---|---|---|---|---|
| *Criminal Penalties* | referral to U.S. Department of Justice [§16(b) FTCA] | | | |

Join us at the FTC!

View our open positions