UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>      v.<br><br>FACEBOOK, INC.,<br>a corporation,<br><br>                      Defendant. | Case No.: 1:19-cv-02184-TJK |

THE UNITED STATES OF AMERICA'S
NOTICE OF SUPPLEMENTAL AUTHORITY

The United States of America respectfully submits this Notice of Supplemental Authority in connection with Meta Platforms, Inc.'s pending motion, ECF No. 38. Today, the U.S. District Court for the Northern District of California issued an order in *United States v. Twitter, Inc.*, No. 22-cv-03070-TSH, denying X Corp.'s motion for a protective order and relief from consent order.

In *Twitter*, the United States and Defendant X Corp. (formerly Twitter, Inc.) agreed to a Stipulated Order, Section II of which provided:

> IT IS FURTHER ORDERED that Defendant, and its successors and assigns, shall consent to: (i) reopening of the proceeding in FTC Docket No. C-4316; (ii) waiver of its rights under the show cause procedures set forth in Section 3.72(b) of the Commission's Rules of Practice, 16 C.F.R. § 3.72(b); and (iii) modifying the Decision and Order in *In re Twitter, Inc.*, C-4316, 151 FTC LEXIS 162 (F.T.C. Mar. 2, 2011), with the Decision and Order set forth in Attachment A.

Order at 10. Interpreting this clause, the district court stated:

> The Court reads this provision literally to mean that it ordered Twitter to consent to the reopening of the FTC proceeding, to waive its rights under the FTC's show cause procedures, and to consent to the modification of the previous FTC order with the new Administrative Order. This sped up the issuance of the Administrative

Order, but it does not mean that the Administrative Order *became* a Court order. And though this Court's Stipulated Order sped up the issuance of the Administrative Order, it did not breathe life into it. The Administrative Order has life and legal force because it is an FTC order.

Rule 60(b) allows the Court to modify its *own* orders, not another tribunal's orders. There is no modification the Court can make to the Stipulated Order that will relieve X Corp. of the obligation to comply with the Administrative Order. (And please remember that this case is not a petition to review an FTC order, which cannot be filed in a district court anyway. 15 U.S.C. § 45(c).) The Court lacks the power to grant X Corp. the requested relief, i.e., relief from its prospective obligations under the Administrative Order. Accordingly, X Corp.'s motion to terminate or modify the Stipulated Order is **DENIED**.

*Id.* (emphasis in original).

Dated: November 16, 2023

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

BRIAN M. BOYNTON (6971565)
Principal Deputy Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM (7248310)
Director
Consumer Protection Branch

LISA K. HSIAO (444890)
Assistant Director
Consumer Protection Branch

 */s/ Zachary L. Cowan*
ZACHARY L. COWAN (7579039)
KATHERINE M. HO (220345)
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
Civil Division
450 5th Street, N.W.
Washington, D.C. 20530

Tel: 202-353-7728 (Cowan)<br>
Tel: 202-353-7835 (Ho)<br>
Fax: 202-514-8742<br>
Zachary.L.Cowan@usdoj.gov<br>
Katherine.Ho@usdoj.gov