**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>        v.<br><br>FACEBOOK, INC.,<br>a corporation,<br><br>               Defendant. | Case 1:19-cv-02184-TJK |

**META'S NOTICE OF SUPPLEMENTAL AUTHORITY**

       Defendant Facebook, Inc. (n/k/a Meta Platforms, Inc.) ("Meta") respectfully submits this notice of supplemental authority regarding *United States v. Twitter, Inc.*, No. 22-cv-03070 (N.D. Cal.) (Hixson, M.J.) (Dkt. No. 58) (the "Twitter Order").

- **Jurisdiction Over Administrative Order:** Unlike in *Twitter*, the administrative order here itself confirms the Court's continuing jurisdiction. Attachment A to the Stipulated Order entered in *Twitter* states that the "Commission has jurisdiction."[1] Here, by contrast, the parties expressly agreed in Finding No. 1 of Attachment A that "[t]his Court has jurisdiction over this matter." (Dkt. No. 35, Attachment A at 1.)

- **Incorporation of Attachment A in Stipulated Order:** In contrast to *Twitter*, the parties here agreed that Attachment A was a part of this Court's Stipulated Order. Meta specifically stated to the Court that "the proposed administrative decision and order" was "incorporated in the Stipulated Order." (Dkt. No. 53 at 11 (quoting, e.g., Dkt. No. 29 at 7).) And the FTC specifically said so as well—even after the Stipulated Order was entered—stating that Meta's compliance with the Stipulated Order requires it to comply with Attachment A's provisions because they are one and the same. (Dkt. No. 53 at 8.)

- **Judicial Imposition of Injunctive Obligations:** Magistrate Judge Hixson's construction of the Twitter Stipulated Order cannot be squared with this Court's construction of the parties' Stipulated Order. Magistrate Judge Hixson concluded that "[t]he obligations [in Attachment A] come from the FTC's Administrative

---

[1] *United States v. Twitter, Inc.*, No. 22-cv-03070 (N.D. Cal.) (Dkt. No. 11), *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/ecf_11_stipulated_order.pdf.

Order, *not* this Court's Stipulated Order." (Twitter Order at 10.)  Here, consistent with the position taken by the parties, this Court held that the Stipulated Order "*impose[d]*" the injunctive relief set forth in the administrative order.  (Dkt. No. 34 at 1.)

- **Judicial Construction of the Meta Stipulated Order:** Carefully reviewing the Stipulated Order at issue in this action, the United States District Court for the Northern District of California reached the same conclusion: that the administrative order (as entered by the Commission) is a "stipulation between the FTC and Facebook in a ***judicial enforcement proceeding***."  *See Facebook, Inc. v. Brandtotal, Ltd.*, 2021 WL 2354751, at *8 (N.D. Cal. June 9, 2021) (emphasis added). Thus, insofar as the Court seeks guidance from out-of-circuit precedent, there is precedent directly on point, which supports Meta's interpretation of the Stipulated Order.

- **Judicial Enforcement of Attachment A:** Magistrate Judge Hixson's view that the court lacks authority to enforce the terms of the Twitter administrative order is also inconsistent with this Court's Memorandum Opinion, in which the Court held (using the very language set forth in Finding No. 1 of Attachment A) that it retains "jurisdiction over this matter, including to enforce its terms," and that it "may not apply quite the same level of deference" if the government were to allege that Meta violated "the terms of the amended administrative order."  (Dkt No. 34 at 12-13.)   Citing *Microsoft*, the Court recognized that its "retain[ed] jurisdiction" would enable it to preside over and resolve claims that Meta violated Attachment A.  (*Id.* (citing *United States v. Microsoft Corp.*, 56 F.3d 1448, 1461 (D.C. Cir. 1995).)  Applying *Twitter* here would mean that this Court would have no jurisdiction to hear such claims.  That result would be contrary to what this Court said expressly in approving the reasonableness of the parties' settlement.

DATED: November 17, 2023                Respectfully submitted,

                                        */s/ James P. Rouhandeh*

                                        James P. Rouhandeh (DDC Bar No. NY0390)
                                        Michael Scheinkman (DDC Bar No. NY0381)
                                        David B. Toscano (*pro hac vice*)
                                        John A. Atchley III (*pro hac vice*)
                                        DAVIS POLK & WARDWELL LLP
                                        450 Lexington Avenue
                                        New York, NY 10017
                                        Tel: (212) 450-4000
                                        rouhandeh@davispolk.com
                                        michael.scheinkman@davispolk.com

david.toscano@davispolk.com
john.atchley@davispolk.com

Paul J. Nathanson (DDC Bar No. 982269)
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
Tel: (202) 962-7000
paul.nathanson@davispolk.com

3