UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       *Plaintiff*,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>       *Defendant*. | Civil Action No. 19-2184 (TJK) |

## MEMORANDUM ORDER

Last year, the Federal Trade Commission ordered Defendant Facebook, Inc.—now known as Meta Platforms, Inc.—to show cause why it should not modify and expand a 2020 administrative order mandating that Defendant maintain a comprehensive privacy program. Defendant, in response, moved to enforce a stipulated order of this Court, to which the terms of that proposed administrative order were attached. The Court denied Defendant's motion. The Court found that the obligations imposed on Defendant through the FTC's 2020 administrative order were not made part of the stipulated order itself. Thus, the Court's retained jurisdiction over the construction, modification, and enforcement of its order did not extend to claims related to potential changes to the administrative order or the FTC's authority to reopen its proceedings and modify that order. Defendant appealed the Court's decision and now moves for an injunction pending appeal. For the reasons explained below, the Court will deny that motion.

**I.    Legal Standard**

The standards for evaluating a motion for an injunction pending appeal under Federal Rule of Civil Procedure 62(d) are "substantially the same as those for issuing a preliminary injunction," meaning that the movant generally "must establish" that (1) "they are likely to succeed on the

merits," (2) "they are likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in their favor," and (4) "an injunction is in the public interest." *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 324 (D.D.C. 2018) (cleaned up).  Where, as here, a government entity is the opposing party, the last two factors merge.  *See, e.g.*, *Trump v. Comm. on Oversight & Reform of U.S. House of Reps.*, 380 F. Supp. 3d 76, 105 (D.D.C. 2019), *vacated on other grounds by Trump v. Mazars USA, LLP*, 832 F. App'x 6 (D.C. Cir. 2020) (per curiam).

Of course, by its own terms Rule 62(d) necessarily envisions situations in which a district court that has denied an injunction still grants an injunction pending appeal.  *See MediNatura, Inc. v. FDA*, No. 20-cv-2066 (RDM), 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021).  Thus, in "at least some circumstances," an injunction pending appeal "may be appropriate" even if the court that just denied injunctive relief "believe[s] its analysis" in denying relief "is correct" in that the movant cannot show a likelihood of success on the merits.  *See id.* (internal quotation marks omitted); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844–45 (D.C. Cir. 1977).  Thus, "in rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor" the movant "so decisively that an injunction pending appeal . . . may be proper," even without a likelihood of success on the merits, so long as the movant establishes a "serious legal question" on the merits and shows that "the other three factors tip sharply" in its favor.  *See MediNatura*, 2021 WL 1025835, at *6 (cleaned up); *see also Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555, 560–61 & n.4 (D.D.C. 2018).

An injunction pending appeal is an "extraordinary remedy."  *Alcresta Therapeutics, Inc.*, 318 F. Supp. 3d at 324 (citations omitted).  Because it is "an intrusion into the ordinary process[es] of administration and judicial review," it is "not a matter of right, even if irreparable injury might otherwise result to the appellant."  *Nat'l Ass'n of Mfrs. v. NLRB*, No. 11-cv-1629 (ABJ), 2012 WL

1929889, at *1 (D.D.C. Mar. 7, 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). And where the "relief sought is an injunction on the coordinate branches of government . . . it is even more important that the three remaining factors outweigh the lack of likelihood of success on the merits." *See Trump v. Thompson*, No. 21-cv-2769 (TSC) (D.D.C. Nov. 10, 2021), ECF No. 43 at 4–5. After all, "courts must take care not to unnecessarily 'halt the functions of a coordinate branch.'" *Trump v. Thompson*, 20 F.4th 10, 48 (D.C. Cir. 2021) (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 511 n.17 (1975)).

**II.     Analysis**

Defendant seeks to enjoin the FTC's show-cause proceedings while our Circuit reviews the denial of Defendant's motion. As part of that motion, Defendant does not attempt to show a likelihood of success on the merits for claims already rejected by this Court. *See Schindler Elevator Corp. v. Wash. Metro. Area Transit Auth.*, No. 20-cv-3157 (RC), 2021 WL 663191, at *2 (D.D.C. Feb. 21, 2021) (denying motion for injunction pending appeal where "the Court ha[d] already carefully considered [movant's] arguments and concluded jurisdiction is lacking"); *Nat'l Parks Conservation Ass'n v. Semonite*, No. 17-cv-01361 (RCL), 2018 WL 3838809, at *1 (D.D.C. July 3, 2018) (similar). Instead, Defendant argues that its appeal raises serious legal questions. ECF No. 65-1 at 15–27. The Government makes no serious attempt to argue otherwise, and so the Court will assume that Defendant's appeal presents serious legal questions. *See* ECF No. 67 at 8 n.3. Even so, the other three factors do not tip sharply in Defendant's favor.

To establish irreparable harm, Defendant must show that it will suffer an injury that is "both certain and great, actual and not theoretical, beyond remediation, and of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *See Trump v. Thompson*, 573 F. Supp. 3d 1, 26 (D.D.C. 2021) (quoting *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015)). In an irreparable harm analysis, the Court "assumes,

3

without deciding, that the movant has demonstrated a likelihood that the non-movant's conduct violates the law." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 303 (D.C. Cir. 2006).  Defendant argues that administrative proceedings before the FTC would deprive it of its bargained-for forum (i.e., this Court) to decide the terms of the 2020 administrative order and its privacy program.  ECF No. 65-1 at 27–29.  In doing so, Defendant relies on case law where litigants that had contracted for a particular forum were "deprived of their bargained-for forum" and, critically, would "suffer hardship as the result of litigating on two fronts . . . causing financial hardship and disruption of their businesses." *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, No. 10-cv-1020 (JB), 2010 WL 5559750, at *1 (D.N.M. Nov. 30, 2010), *aff'd*, 651 F.3d 1355 (Fed. Cir. 2011); *see* ECF No. 65-1 at 27–28.[1]

Thus, the Court assumes that Defendant *could* show that the FTC bargained away its statutory authority to reopen its administrative proceedings and modify its orders, and that the proper forum to litigate the changes to the administrative order at issue here is this Court.  If so, the loss of that forum could constitute irreparable harm.  But Defendant, a mammoth company with billions of users and annual revenue exceeding $100 billion, has not shown that merely being forced to litigate in multiple fora would cause it financial hardship or disrupt its business like the litigants in the cases it cites.[2]  *Cf. Dodocase VR, Inc. v. MerchSource, LLC*, No. 17-cv-7088 (EDL), 2018 WL 1475289, at *11 (N.D. Cal. Mar. 26, 2018) (finding irreparable harm where movant had shown its business would be "materially disrupt[ed]" given that it "only has four employees and limited

---

[1] *See also Nippon Shinyaku Co. v. Sarepta Therapeutics, Inc.*, 25 F.4th 998, 1008 (Fed. Cir. 2022); *Dodocase VR, Inc. v. MerchSource, LLC*, No. 17-cv-7088 (EDL), 2018 WL 1475289, at *11 (N.D. Cal. Mar. 26, 2018); *Ciena Corp. v. Nortel Networks Inc.*, No. 5-cv-14 (JD), 2005 WL 1189881, at *7 (E.D. Tex. May 19, 2005).

[2] ECF No. 3 ¶¶ 2–3; Meta Platforms, Inc., Form 10-Q (Sept. 30, 2023).

resources," and had "been put to the added expense of hiring specialized attorneys"). And in general, the mere "expense and disruption" of "'defending [itself] in protracted adjudicatory proceedings' is not irreparable harm." *John Doe Co. v. CFPB*, 849 F.3d 1129, 1134–35 (D.C. Cir. 2017) (citing *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980)). In the end, Defendant still has recourse because it can appeal the result of the FTC's proceedings. *See* 15 U.S.C. § 45(b),(c). Thus, even if the irreparable harm factor weighs in Defendant's favor, it does not do so sharply.[3]

That leaves the merged balance-of-equities and public-interest prongs of the analysis, which also do not tip sharply in Defendant's favor. In considering these merged factors, the Court must "balance the competing claims of injury and the effect an injunction would have on each party" while paying "particular regard for the public consequences in employing the extraordinary remedy of injunction." *Fed. Maritime Comm'n v. City of Los Angeles*, 607 F. Supp. 2d 192, 203 (D.D.C. 2009) (cleaned up). Though the likelihood-of-success-on-the-merits and irreparable-harm prongs are typically the "most critical," *Citizens for Resp. & Ethics in Wash. v. FEC*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (per curiam) (internal quotation marks omitted), these last two are by no means an after-thought, *Fed. Maritime Comm'n*, 607 F. Supp. 2d at 203. As to these factors, the Court does not assume the merits in Defendant's favor. *See Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 335 (D.C. Cir. 2018); *see also Chaplaincy of Full Gospel Churches*, 454 F.3d at 304.

Defendant's showing on the balance of equities and the public interest do little to support

---

[3] Defendant does not assert that its constitutional and other challenges to the lawfulness of the FTC's show-cause proceedings themselves, *see* ECF No. 38-1 at 33–53—which are now being heard in *Meta Platforms, Inc. v. FTC*, No. 23-cv-3562 (D.D.C.)—are the source of any irreparable harm for purposes of this motion.

its request for an injunction. Defendant relies on the importance of protecting federal court jurisdiction, settlement agreements, and the finality of judgments, as well as the danger of unlawful agency action. But without a showing of likelihood of success on the merits, those arguments mostly fall flat. *See* ECF No. 62. On the Government's side of the scale is the added delay to the FTC's proceedings. And because "there is a strong public interest in Congress"—and, here, the executive branch—"carrying out its lawful" proceedings, courts should "take care not to unnecessarily halt the functions of a coordinate branch." *See Trump*, 20 F.4th at 48 (cleaned up); *see also Exxon Corp. v. FTC*, 589 F.2d 582, 594 (D.C. Cir. 1978); *Ansara v. Eastland*, 442 F.2d 751, 753 (D.C. Cir. 1971) (per curiam). Moreover, this Court is ill-equipped to gauge the relative costs and benefits to Defendant, the Government, and the public of pausing the FTC's proceedings while Defendant's appeal is pending, because the timing of that appeal is beyond the Court's control. The Circuit is better positioned to weigh those considerations as part of the balance of the equities and the public interest if, as the Court assumes, Defendant takes up its request there.

In sum, the Court cannot say that the irreparable-harm and merged balance-of-equities and public-interest factors tip sharply in favor of Defendant. So even assuming Defendant's appeal raises serious legal questions, it has not shown that it is entitled to an injunction pending appeal.

### III. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion for an Injunction Pending Appeal, ECF No. 65, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 12, 2024