# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

FACEBOOK, INC.,
a corporation,

                Defendant.

Case No.: 1:19-cv-02184-TJK

---

**PLAINTIFF UNITED STATES OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO ENFORCE THE STIPULATED ORDER AND TO ENJOIN THE FTC'S ADMINISTRATIVE REOPENING PROCEEDING**

---

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................ 3

   I.  Statutory Background .......................................................................................... 3

   II.  Procedural Background......................................................................................... 4

ARGUMENT .................................................................................................................. 7

   I.  The FTC Retains Authority To Modify Its Own Administrative Order So Long As Its Modifications Do Not Conflict With The Court's Order ...................................8

   II.  Congress Has Expressly Authorized The FTC To Modify Administrative Orders To Protect The Public ........................................................................................... 10

   III. Meta Is Not Entitled To An Injunction................................................................11

CONCLUSION ............................................................................................................ 14

ii

## TABLE OF AUTHORITIES

**Cases**

*Am. Petroleum Inst. v. EPA,*
  683 F.3d 382 (D.C. Cir. 2012) ...................................................................... 12

*Astoria Fed. Sav. & Loan Ass'n v. Solimino,*
  501 U.S. 104 (1991) ...................................................................... 10

*Int'l Union of Mine, Mill & Smelter Workers, Locs. No. 15 v. Eagle-Picher Mining &*
  *Smelting Co.,* 325 U.S. 335 (1945) ............................................... 10, 11

*New Hampshire v. Maine,*
  532 U.S. 742 (2001) ...................................................................... 9

*Nken v. Holder,*
  556 U.S. 418 (2009)...................................................................... 11, 12

*Student Loan Servicing All. v. D.C.,*
  351 F. Supp. 3d 26 (D.D.C. 2018)............................................... 9

*United States v. D.C.,*
  654 F.2d 802 (D.C. Cir. 1981)...................................................... 10

*\*United States v. Facebook, Inc. ("D.C. Cir. Op."),*
  136 F.4th 1129 (D.C. Cir. 2025)............................................ *passim*

*\*United States v. Facebook, Inc. ("D.D.C. Op."),*
  2023 WL 8190858 (D.D.C. Nov. 27, 2023).......................... *passim*

*\*United States v. Facebook, Inc. ("D.C. Cir. Inj. Order"),*
  2024 WL 1128083 (D.C. Cir. Mar. 12, 2024) ........................ 9, 13

*United States v. Louisiana-Pac. Corp.,*
  754 F.2d 1445 (9th Cir. 1985)................................................. 3, 11

*Winter v. NRDC,*
  555 U.S. 7 (2008)...................................................................... 13

**Statutes**

Federal Trade Commission Act
  15 U.S.C. § 45(a)...................................................................... 3
  *\*15 U.S.C. § 45(b).................................................................. *passim*
  15 U.S.C. § 45(c).................................................................. *passim*
  15 U.S.C. § 45(d) ...................................................................... 4
  15 U.S.C. § 45(*l*) ................................................................. *passim*

**Regulations**

16 C.F.R. § 3.72(b)(1) ................................................................................................ 4

**Other Authorities**

*In the Matter of Facebook, Inc.*,
    No. C-4365, 2025 WL 711520 (F.T.C. Jan. 20, 2025) ...................................................... 6

**INTRODUCTION**

In 2020, Plaintiff United States of America and Defendant Meta Platforms, Inc. ("Meta") reached a settlement in this civil penalty lawsuit. Meta consented to the entry of two orders: a Stipulated Order entered by this Court, and an administrative order entered by the Federal Trade Commission ("FTC" or "Commission"). Recently, the D.C. Circuit ruled on one of several issues addressed by this Court's November 2023 opinion, *see* ECF No. 62 ("D.D.C. Op."), and remanded proceedings. Specifically, the court of appeals clarified which obligations were imposed by the Stipulated Order, holding that its "Attachment A," and the obligations set forth therein, are "part of the Stipulated Order." *United States v. Facebook, Inc.* ("D.C. Cir. Op."), 136 F.4th 1129, 1132 (D.C. Cir. 2025).

Thereafter, Meta filed a "renewed" motion in this Court, yet again seeking to enjoin the Commission from conducting proceedings to determine whether its administrative order is sufficient to protect the public in light of new allegations of misconduct by Meta. Meta's renewed injunction motion misconstrues the D.C. Circuit's opinion, which expressly acknowledged that the 2020 settlement has resulted in two separate orders: the Stipulated Order and the administrative order. As Meta previously conceded in this litigation, the Commission's administrative order is independently enforceable. In accordance with the FTC Act, the Commission can modify its *own*, separate administrative order when necessary to protect the public. *See* 15 U.S.C. § 45(b). Meta negotiated the 2020 settlement against a statutory backdrop that allows the Commission to modify its own administrative order, with judicial review occurring thereafter in the court of appeals. *Id.* § 45(b), (c). Nowhere did Meta buy itself out of this statutory scheme.

1

With these background principles in mind, Meta's request for an injunction fails for some of the reasons this Court discussed in November 2023 when denying Meta's prior injunction motion. The Court properly declined to enjoin the FTC's administrative proceeding as a means of preventing "any potential inconsistency with the Stipulated Order that might arise from changes the FTC makes to the 2020 administrative order." D.D.C. Op. at 7. The Court explained that the mere "possibility of conflicting obligations" between a hypothetical, future Commission order and the Stipulated Order did not justify the extraordinary relief of a preliminary injunction. *Id.* The Court further explained that the Commission was "on notice" that it could not make changes that "conflict with the Stipulated Order." *Id.* at 15. If the FTC ultimately somehow did create a conflict through the terms of any order the FTC might issue at the end of its proceeding, Meta could "move to enforce the Stipulated Order at that time." *Id.*

In light of the D.C. Circuit's opinion, the FTC is on notice about what terms have been deemed to be part of the Stipulated Order, including its Attachment A. The FTC can modify its own, separate administrative order, so long as its modifications do not conflict with the Stipulated Order, including its Attachment A. As before, the mere possibility of a hypothetical, future conflict does not warrant "*any* preliminary injunctive relief, let alone an injunction prohibiting the FTC from reopening its proceedings." *Id.* at 14 (emphasis in original). Accordingly, the United States respectfully asks this Court to deny Meta's Renewed Motion to Enforce The Stipulated Order And To Enjoin the FTC's Administrative Reopening Proceeding (ECF No. 74).

## BACKGROUND

This Court is familiar with the background of this case, which was recounted in the government's opposition to Meta's first injunction motion, *see* ECF No. 49 at 2-8, and this Court's opinion denying that motion, *see* D.D.C. Op. at 2-5.[1] The relevant statutory and regulatory background for Meta's renewed injunction motion is briefly outlined below.

## I.    Statutory Background

The FTC Act declares unlawful all "unfair or deceptive acts or practices in or affecting commerce," and it directs the FTC to stop corporations from engaging in unlawful acts and practices. 15 U.S.C. § 45(a). Congress gave the FTC several statutory tools to meet this directive. After providing notice and an opportunity to be heard, the Commission may issue an administrative order requiring a "corporation to cease and desist from using . . . such act or practice." *Id*. § 45(b).

Under Section 5(*l*) of the FTC Act, when the FTC has reason to believe a corporation violated an administrative order, it may seek civil penalties by referring a complaint to the U.S. Department of Justice to file in federal court. *See* 15 U.S.C. § 45(*l*). Additionally, under Section 5(b), the Commission may "reopen and alter, modify, or set aside, in whole or in part, any" administrative order when it is of the "opinion" that "conditions of fact or of law have so changed as to require such action or if the public interest shall so require." *Id*. § 45(b). These judicial and administrative avenues—which require different showings—are not mutually exclusive. Occasionally, the FTC conducts both judicial and administrative proceedings related to the same order. *See, e.g., United States v. Louisiana-Pac. Corp.*, 754 F.2d 1445, 1450 (9th Cir. 1985).

---

[1] Except where otherwise noted, all emphases in quotations have been added, and internal alteration marks, citations, and footnotes have been omitted.

Before modifying an administrative order, the Commission provides "notice and opportunity for hearing," 15 U.S.C. § 45(b), via "an order to show cause, stating the changes it proposes to make in the decision and the reasons they are deemed necessary," 16 C.F.R. § 3.72(b)(1). The defendant may file an answer. If the Commission modifies an order, the defendant may seek review in a court of appeals, *see* 15 U.S.C. § 45(b), (c), whose jurisdiction is "exclusive," *id*. § 45(d).

## II.    Procedural Background

Back in 2011, the FTC commenced "an administrative proceeding over [Meta]'s alleged unfair and deceptive business practices relating to user privacy." D.D.C. Op. at 1. The parties resolved those allegations in July 2012, when Meta consented to entry of an FTC administrative order. The 2012 administrative order required Meta to "maintain a comprehensive privacy program" to protect its users. *Id.*

In July 2019, the United States filed this lawsuit against Meta for civil penalties and injunctive relief under the FTC Act, alleging that Meta had violated the data privacy protections in the 2012 administrative order. In April 2020, the Court issued a Stipulated Order and resolved this suit. The Stipulated Order required Meta to "consent to" the Commission reopening its administrative proceeding and modifying the 2012 administrative order by replacing it with a new administrative order, the content of which was attached to the Stipulated Order as "Attachment A." *See* ECF No. 35 at 4.

A few days after this Court issued the Stipulated Order, the Commission initiated its own process. The Commission reopened its administrative proceedings against Meta and determined it was in the "public interest" to modify the 2012 administrative order. *See* ECF No. 38-11 at 2. Finding Meta had "consented to modifying the 2012

4

[administrative order] as set forth," the Commission issued the 2020 administrative order with the terms set forth in Attachment A. *Id.*

Three years later, the FTC again invoked its authority to reopen proceedings under 15 U.S.C. § 45(b), ordering Meta to show cause why the 2020 administrative order should not be modified because of new allegations of data privacy misconduct by Meta. *See* ECF No. 38-4. The FTC proposed "new provisions" that would "strengthen and enhance" the terms imposed under the 2020 administrative order. D.D.C. Op. at 4. For example, the FTC proposed limiting Meta's "use of information collected from minors." *Id.*

Instead of answering the latest allegations of data privacy misconduct, in May 2023, Meta filed its first motion in this Court to "enforce" the Stipulated Order and enjoin the FTC's administrative proceedings, claiming that the FTC's show-cause proceeding was barred by the 2020 settlement reached between the parties. In November 2023, after briefing and argument, this Court issued an opinion denying Meta's injunction motion.

Three aspects of this Court's decision are relevant, both for procedural context and for resolving this renewed motion. *First*, the Court reviewed the prior settlement and found that it resulted in two orders: a Stipulated Order that "the Court entered," and a 2020 administrative order that "the FTC issued." D.D.C. Op. at 3.

*Second*, the Court considered whether its Stipulated Order included the particular obligations set forth in Attachment A. The Court concluded that it "did not order [Meta] to comply with the terms of Attachment A." *Id.* at 9. Rather, it had simply ordered Meta to "consent to the FTC's reopening of its administrative modification of its 2012 administrative order with [the terms set forth in] Attachment A," *id.*, and those terms were "imposed later, when the FTC issued its 2020 administrative order." *Id.* at 6. Thus, "the Court's retained jurisdiction does not extend to Attachment A." *Id.* at 12.

5

*Third*, the Court recognized that it did retain jurisdiction to enforce its own Stipulated Order but found no reason to enjoin the FTC's administrative proceeding under that authority. While there was a "possibility of conflicting obligations between the Stipulated Order" and the changes proposed by the Commission in its show-cause order, that did not justify preliminary injunctive relief. *Id.* at 14. The Court explained that its opinion had put FTC "on notice" of potential "conflict[s] with the Stipulated Order," so the FTC could avoid creating a conflict. *Id.* at 15. If the FTC did somehow create a conflict, then Meta could "move to enforce the Stipulated Order at that time." *Id.* But in the meantime, Meta could not identify any "harm" that would warrant "an injunction prohibiting the FTC from reopening its proceedings." *Id.* Meta appealed.[2]

In May 2025, the D.C. Circuit reversed and remanded. The D.C. Circuit agreed with the first aspect of this Court's analysis, disagreed with the second aspect, and did not reach the third aspect at all. To the first point, the D.C. Circuit agreed that the settlement resulted in two orders: "a consent order in the district court and an agency order on the FTC's administrative docket." D.C. Cir. Op., 136 F.4th at 1131.

On the second point, the D.C. Circuit reversed. The court of appeals found that the "text of the Stipulated Order and Attachment A do not settle the question whether Attachment A was part of the [Stipulated] Order." *Id.* at 1133. However, the D.C. Circuit reviewed this Court's "contemporaneous opinion approving the settlement" and found that it "clearly show[s] that Attachment A was part of the Stipulated Order." *Id.* The court

---

[2] After this Court denied Meta's first injunction motion, Meta responded to the Commission's show-cause order in the administrative proceeding. While Meta's appeal was pending, the Commission unanimously rejected Meta's threshold legal contentions that the FTC lacks statutory authority to conduct reopening proceedings. *See In the Matter of Facebook, Inc.*, No. C-4365, 2025 WL 711520 (F.T.C. Jan. 20, 2025).

6

of appeals also recognized that the Commission "engaged in a separate process to adopt Attachment A on its docket," when it issued the 2020 administrative order. *Id.*

The D.C. Circuit did not reach the third aspect of this Court's decision; it did not address the possibility of the FTC's proceeding resulting in a conflict with the Stipulated Order or whether the FTC's proceeding should be enjoined. Instead, it observed that this Court's "dismissal on jurisdictional grounds meant that it never reached the merits" of Meta's claims. *Id.* at 1135. The D.C. Circuit remanded so this Court could consider Meta's claims "in the first instance." *Id.* Meta then filed its renewed motion.

## ARGUMENT

Meta's renewed motion is meritless and should be denied. *First*, as this Court has explained, the FTC can modify its *own* administrative order so long as those modifications do not conflict with the *Court's* Stipulated Order. For example, the Commission can modify its administrative order to include additional requirements that were not imposed through the Stipulated Order and Attachment A. Any resulting administrative order could coexist with the Stipulated Order, which is not threatened by the FTC's administrative process. *Second*, judicial finality doctrines do not apply because the Commission is not modifying the Court's Stipulated Order. Rather, the Commission is considering whether it is necessary to modify its *own* administrative order in light of new allegations of misconduct and the public interest today—a process that Congress expressly authorized under the FTC Act. *Third*, Meta has failed to clearly demonstrate it is entitled to any injunctive relief, let alone an injunction halting the entirety of the FTC's proceedings.[3]

---

[3] For judicial efficiency, this Opposition focuses on Meta's newest arguments following the D.C. Circuit's recent opinion. The United States incorporates by reference all arguments it advanced when opposing Meta's prior injunction motion, *see* ECF No. 49, except its contentions that Attachment A is not "part of" the Stipulated Order.

**I.** **The FTC Retains Authority To Modify Its Own Administrative Order So Long As Its Modifications Do Not Conflict With The Court's Order**

Meta's renewed motion rests on incorrect factual premises. Mischaracterizing the D.C. Circuit's opinion, Meta now claims that there is no "distinct administrative order" over which the FTC can exercise its statutory modification authority. Mem. at 2. From this mistaken premise, Meta concludes that the Commission is conducting a "rival administrative proceeding" to modify "Attachment A," which must be enjoined to protect this Court's "retained jurisdiction." *Id.* at 14. Meta is wrong.

In its opinion, the D.C. Circuit agreed with this Court that the 2020 settlement culminated in two orders: a Stipulated Order entered by this Court, and an administrative order issued by the FTC. *See* D.C. Cir. Op., 136 F.4th at 1131. The court of appeals found that the Stipulated Order "directly imposed" the obligations set forth in Attachment A. *Id.* at 1131. The court *also* found that the FTC had engaged in "a *separate* process to adopt Attachment A on its docket." *Id.* at 1134. Under the D.C. Circuit's analysis, both orders included the obligations set forth in Attachment A. The obligations were not "distinct" to either proceeding. *Id.* at 1131.

Contrary to Meta's assertion, the D.C. Circuit had no reason to consider whether there were two "distinct" orders, because *neither* party disputed this fact. On the contrary, Meta acknowledged that the obligations set forth in Attachment A were included in both the Court order and the Commission order. For example, Meta claimed that the FTC had entered the 2020 administrative order so it could be "enforceable through civil penalties in federal court under Section 5(*l*)" of the FTC Act. *See* Reply Br. at 10 n.5. Notably, Section 5(*l*) authorizes civil penalties for violations of "an order of the Commission," not a Court order. *See* 15 U.S.C. § 45(*l*). Similarly, when denying Meta's request for an

8

injunction pending appeal, the D.C. Circuit noted Meta "does not dispute that Attachment A became an enforceable administrative order when the FTC subsequently entered it." *United States v. Facebook, Inc.* ("D.C. Cir. Inj. Order"), 2024 WL 1128083, at *1 (D.C. Cir. Mar. 12, 2024). Meta thus recognized that the Commission's administrative order containing the terms of Attachment A was distinct from this Court's order and had independent legal force. After relying on this position to succeed in its appeal, Meta is judicially estopped from now taking a contradictory position simply because its interests have changed on remand. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

This Court previously rejected Meta's contention that an injunction was justified because hypothetical terms of an uncertain future Commission order *might* conflict with this Court's order, *see* D.D.C. Op. at 14-15; similar reasoning forecloses an injunction now. Indeed, modifications may concern obligations that were not specifically addressed by the Stipulated Order in 2020, such as limiting Meta's "use of information collected from minors." D.D.C. Op. at 4. No conflict exists simply because the Commission may impose additional obligations in a future administrative order that did not exist under the Stipulated Order. *Cf. Student Loan Servicing All. v. D.C.*, 351 F. Supp. 3d 26, 59 (D.D.C. 2018) (explaining in the context of preemption that a "conflict" exists where two laws "cannot be reconciled or consistently stand together"). That is especially true where the FTC's proceeding is focused primarily on Meta's conduct *subsequent to* the parties' prior settlement (such as alleged deficiencies in the privacy program Meta implemented afterward) and whether additional restrictions are necessary to protect the public *today*. *See* 15 U.S.C. § 45(b).

In sum, the FTC's administrative reopening proceeding is not a "rival" to this Court's Stipulated Order in any sense of the word. The Commission may modify its own

9

2020 administrative order without impairing "the effectiveness and the integrity" of the Stipulated Order and its Attachment A. *United States v. D.C.*, 654 F.2d 802, 810 n.18 (D.C. Cir. 1981). Accordingly, Meta's renewed injunction motion should be denied.

## II.   Congress Has Expressly Authorized The FTC To Modify Administrative Orders To Protect The Public

Meta's renewed motion also invokes Article III and the doctrine of res judicata to claim that the FTC cannot modify "Attachment A" to the Stipulated Order. *See* Mem. at 10. But, again, Meta is relying on a faulty conflation of the obligations imposed under two separate orders. The Commission is conducting a proceeding to determine whether it should modify the obligations imposed under its *own* administrative order—not the obligations imposed under the *Court's* Stipulated Order. Neither Article III nor res judicata precludes such a modification. *See* D.D.C. Op. at 12 n. 3 (similar).[4]

Moreover, res judicata does not apply to "determinations of administrative bodies" where "a statutory purpose to the contrary is evident." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-08 (1991). Section 5(b) of the FTC Act provides that the Commission "may at any time, after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part," any administrative order whenever "conditions of fact or of law have so changed as to require such action or if the public interest shall so require." 15 U.S.C. § 45(b). Thus, Congress clearly did not intend to import res judicata principles to FTC administrative orders, as the FTC Act "specifically allows the Commission to modify its order after it has become final." *Int'l Union of Mine, Mill &*

---

[4] Meta has not reasserted "structural constitutional challenges" in its renewed motion under Article III or otherwise. Mem. at 1. This Court held that Meta's constitutional challenges were not properly asserted in this action. *See* D.D.C. Op. at 15-16.

*Smelter Workers, Locs. No. 15 v. Eagle-Picher Mining & Smelting Co.,* 325 U.S. 335, 342 (1945); *see Louisiana-Pac. Corp.,* 754 F.2d at 1447 n.1 (similar).

As this Court has already explained, Attachment A was drafted "against a statutory backdrop" that allows the FTC to modify its own administrative orders in appropriate circumstances. *See* D.D.C. Op. at 10. Nothing in Attachment A "expressly limits the FTC's statutory authority to modify its own administrative orders." *Id.* The Court should not "construe silence as a waiver of the FTC's statutory right." *Id.* at 11 (citing authorities).[5]

## III.   Meta Is Not Entitled To An Injunction

Meta's motion should be denied not only because no injunction is necessary to protect this Court's jurisdiction, but also because it fails to meet the traditional standard for obtaining preliminary injunctive relief. *See* D.D.C. Op. at 5-6 (applying the traditional standard to Meta's initial injunction motion); *see also Nken v. Holder*, 556 U.S. 418, 435 (2009) (similar). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." D.D.C. Op. at 5. In addition to demonstrating a likelihood of success on the merits, the movant must also clearly demonstrate that it "is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in [its] favor, and that an injunction is in the public interest." *Id.* Meta fails to make a clear showing as to each factor.

To begin, Meta cannot show it is likely to succeed on the merits. As set forth above, the Commission may modify its own 2020 administrative order, so long as those

---

[5] For similar reasons, even if the D.C. Circuit's opinion were read as suggesting that this Court directed the FTC to make a one-time modification to the 2012 administrative order, this would not preclude the FTC from later exercising its authority to modify the 2020 administrative order. Absent a provision expressly barring this exercise of statutory authority, there is no basis to infer such a limitation from a one-time direction.

modifications are not inconsistent with this Court's Stipulated Order, including the obligations set forth in Attachment A. *See supra*. Contrary to Meta's assertions (Mem. at 14-15), the integrity of the Stipulated Order is not impaired by the Commission potentially modifying its own administrative order to protect the public *today*.[6]

Moreover, Meta has not identified any irreparable harm that would warrant injunctive relief at this time. "A party seeking preliminary relief must demonstrate that irreparable injury is *likely* in the absence of an injunction." D.D.C. Op. at 14 (emphasis in original). "In other words, the harm must be both certain and great; it must be actual and not theoretical, and of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* at 15.

As this Court explained, the theoretical possibility of a future inconsistency is not irreparable harm. At this stage, no "inconsistency is certain" between the Stipulated Order and the FTC's administrative order, "especially given that the FTC is now on notice" that the obligations in Attachment A have been deemed as part of the Stipulated Order. *Id.* Meta's claims thus are not even ripe for review. *See, e.g., Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386-88 (D.C. Cir. 2012) (emphasizing that giving the agency an opportunity "to alter a tentative position" could "eliminat[e] the need for (and costs of) judicial review"). Moreover, if such harm were to arise, it would not be "irreparable, given that [Meta] could, if an administrative order included [a conflicting] provision, simply move to

---

[6] Contrary to Meta's assertions (Mem. at 4), the United States did not "concede" that if Attachment A was deemed part of the Stipulated Order, then Meta would be entitled to an injunction. Unlike the "hypothetical" posed by Judge Walker during oral argument, *see* ECF No. 74-3 at 36:1-36:6, the D.C. Circuit's opinion concluded that the Commission has separately exercised its own administrative modification authority to enter Attachment A on its own docket, *see supra*. Nowhere did the court of appeals find that the Commission ceded its statutory authority to modify its own administrative orders.

enforce the Stipulated Order at that time." D.D.C. Op. at 15. Accordingly, Meta has failed to demonstrate the requisite irreparable harm to warrant preliminary relief. *Accord* D.C. Cir. Inj. Order, 2024 WL 1128083, at *1 (similarly finding that Meta had failed to demonstrate any irreparable harm because any final modification by the Commission can be judicially reviewed and "the expense and annoyance of litigation, including in an FTC proceeding, does not constitute irreparable harm").[7]

Finally, the balance of the equities and public interest weigh in favor of allowing the Commission's reopening proceeding to continue. This Court reached the same conclusion when denying Meta's motion for an injunction pending appeal. *See* ECF No. 69 at 5-6. All of Meta's equitable arguments are inextricably intertwined with the merits of its claims. Because it has failed to demonstrate a likelihood of success on the merits, its "arguments mostly fall flat." *Id.* at 6. By contrast, "there is a strong public interest" in the FTC "carrying out its lawful proceedings." *Id.* This is especially true here, where the Commission's proceedings "implicate important public interests" such as protecting the privacy of minors. *See* D.C. Cir. Inj. Order, 2024 WL 1128083, at *1; *see also Winter v. NRDC*, 555 U.S. 7, 24 (2008) (noting courts "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction").

In sum, Meta has failed to make a clear showing that it is entitled to "*any* preliminary injunctive relief, let alone an injunction prohibiting the FTC from reopening its proceedings." D.D.C. Op. at 14 (emphasis in original).

---

[7] Judicial review *after* the Commission determines a modification is necessary is also consistent with the statutory scheme set forth by Congress. *See* 15 U.S.C. § 45(b), (c).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Meta's Renewed Motion To Enforce The Stipulated Order And To Enjoin The FTC's Administrative Reopening Proceeding (ECF No. 74).

Dated: April 7, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SARMAD M. KHOJASTEH
Deputy Assistant Attorney General
Civil Division

LISA K. HSIAO
Acting Director
Enforcement & Affirmative Litigation Branch

ZACHARY A. DIETERT
Assistant Director

*/s/ Zachary L. Cowan*
ZACHARY L. COWAN (7579039)
Trial Attorney
U.S. Department of Justice
450 Fifth Street N.W.
Washington, DC 20001
Tel: (202) 353-7728
Fax: (202) 514-8742
Zachary.L.Cowan@usdoj.gov

*Attorneys for Plaintiff United States of America*

14