**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br>a corporation,<br><br>    Defendant. | Case No. 1:19-cv-02184-TJK |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S RENEWED MOTION TO ENFORCE THE STIPULATED ORDER
AND TO ENJOIN THE FTC'S ADMINISTRATIVE REOPENING PROCEEDING**

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.   This Court Imposed and Retains Jurisdiction Over the Terms of the "Amended
     Administrative Order" .............................................................................................. 2

II.  The FTC Cannot Modify the Terms of Attachment A ........................................... 5

III. Meta Is Entitled to an Injunction ............................................................................ 7

     A.  The Government Does Not Dispute—and Has Conceded—That an Injunction Is
         Warranted to Protect This Court's Jurisdiction and Final Judgment ........................ 7

     B.  Although the Traditional Injunction Factors Do Not Apply, Meta Has Nonetheless
         Satisfied Them ................................................................................................... 9

CONCLUSION .................................................................................................................... 10

i

# TABLE OF AUTHORITIES

### CASES

PAGE(S)

*Gardner v. United States*,
   211 F.3d 1305 (D.C. Cir. 2000) ........................................................................................ 7

*Megapulse, Inc. v. Lewis*,
   672 F.2d 959 (D.C. Cir. 1982) .......................................................................................... 7

*Nat'l Fed'n of Fed. Emps. v. Weinberger*,
   818 F.2d 935 (D.C. Cir. 1987) .......................................................................................... 7

*Syngenta Crop Prot., Inc. v. Henson*,
   537 U.S. 28 (2002) .......................................................................................................... 10

*\*United States v. Facebook, Inc.*,
   136 F.4th 1129 (D.C. Cir. 2025) ................................................................................ *passim*

*United States v. Facebook, Inc.*,
   2023 WL 8190858 (D.D.C. Nov. 27, 2023) ................................................................. 7, 9, 10

*United States ex rel Schweitzer v. Oce N.V.*,
   677 F.3d 1228 (D.C. Cir. 2012) ........................................................................................ 6

### STATUTES & RULES

15 U.S.C. § 45(l) ....................................................................................................................... 4

Fed. R. Civ. P. 60(b) ................................................................................................................. 6

### OTHER AUTHORITIES

11A Wright & Miller, *Fed. Prac. & Proc.* § 2962 (3d ed. 2025) .............................................. 7

## PRELIMINARY STATEMENT[1]

The D.C. Circuit clearly and unequivocally decided the central issue in this case, holding in no uncertain terms that *this Court* imposed the terms of the "amended administrative order" entered by the FTC.  Before the D.C. Circuit, the government explicitly framed the issue on appeal in terms of whether this Court's Stipulated Order "reserve[d] jurisdiction over the FTC's administrative proceedings" involving Attachment A.[2]  Now, having lost the appeal, the government asks the Court to ignore it—arguing that the D.C. Circuit resolved only the academic question of whether the Court imposed Attachment A's terms on its own docket while leaving unanswered the consequential question whether the Court also imposed those same terms on the administrative docket.  But the D.C. Circuit *squarely addressed* this Court's jurisdiction over Attachment A on the *administrative docket*, holding that the Court imposed the terms of Attachment A on the FTC docket and therefore retained jurisdiction, in the D.C. Circuit's phrase, "over both documents."  This question was the basis for Meta's original motion to enforce, the sole ground for this Court's decision, and the entire point and result of the appeal.

In holding that this Court retains jurisdiction over Attachment A, which resides on the dockets of the Court and the FTC,[3] the D.C. Circuit specifically concluded that the terms of the "***amended administrative order***" carry "***judicial force***" because they were "imposed" by this

---

[1] Unless otherwise noted, emphasis has been added to quotations, and internal quotations, brackets, citations, and footnotes have been omitted, and defined terms have the meaning ascribed in Meta's moving brief.  "Mem." refers to Meta's moving brief, and "Opp." refers to the government's brief.  For filings on appeal in *United States v. Facebook*, No. 23-5280 (D.C. Cir.), "Appellant's Br." refers to Meta's principal brief and "Appellant's Reply" refers to Meta's reply brief.

[2] Br. of United States, *United States v. Facebook, Inc.*, 2024 WL 2977390, at *3 (D.C. Cir. June 12, 2024).

[3] *See*, *e.g.*, *United States v. Facebook, Inc.*, 136 F.4th 1129, 1333 (D.C. Cir. 2025) ("[T]he district court . . . order[ed] Facebook to consent to the entry of Attachment A on the FTC docket.").

Court, which "retained jurisdiction to require adherence to its terms."[4]  The D.C. Circuit remanded for this Court solely to consider the merits of Meta's request for an injunction, not to allow the government to relitigate issues resolved on appeal.  It is the law of the case that this Court imposed the terms of the amended administrative order and retains jurisdiction over those terms—including as entered on the FTC docket.  Meta is therefore entitled to an injunction.

**ARGUMENT**

I.     **This Court Imposed and Retains Jurisdiction**
       **Over the Terms of the "Amended Administrative Order"**

The government once again invites reversible error by resting its entire opposition on the argument that this Court's retained jurisdiction over Attachment A does not extend to Attachment A as it exists on the FTC docket.  According to the government, "the D.C. Circuit had no reason to consider whether there were two 'distinct' orders," and the FTC's order is somehow "distinct" from Attachment A.  Opp. at 8.  But not only did the D.C. Circuit consider that issue, it explicitly held the opposite in its opinion's very first paragraph: "The district court, viewing the administrative and judicial processes as distinct, held that it lacked jurisdiction over the agency docket.  We reverse and remand."  *Facebook*, 136 F.4th at 1131.

The D.C. Circuit clearly held that this Court retained jurisdiction to enforce the terms of the administrative order.  Indeed, the D.C. Circuit described the issue on appeal as this Court's holding that "the terms set forth in Attachment A 'were not made part of the Stipulated Order itself'" such that "since the Stipulated Order only retained district court jurisdiction for disputes arising from the Order itself, [this Court] lacked jurisdiction over the FTC's parallel

---

[4] *Id.* at 1134.

2

administrative proceeding." *Id.* at 1132.  It was ***that*** holding that the D.C. Circuit reversed.  *Id.* at 1135.

The D.C. Circuit left no room for the FTC to claim that there is an Attachment A residing on the FTC's docket that has a separate and distinct legal existence from the one attached to the Stipulated Order, let alone an existence outside the jurisdiction of this Court.  The D.C. Circuit observed that "[t]his new FTC order provided the specifics of the settlement and was appended to the Stipulated Order as 'Attachment A.'"  *Id.* at 1131.  But the D.C. Circuit went even further and made clear that the Court retained jurisdiction over not only Attachment A as it exists on the Court's docket, but also over the "amended administrative order."  *Id.* at 1134.  The D.C. Circuit repeatedly invoked this Court's unequivocal explanation that the Stipulated Order "impose[d] injunctive relief in the form of an amended administrative order"—thus confirming that this Court spoke through and "imposed" the order that was entered on the FTC docket.  *Id.*

The D.C. Circuit also observed that this Court's opinion accompanying the Stipulated Order "described the ***entire settlement*** as contained within the 'Stipulated Order,' including provisions only listed in Attachment A," and that the Court's language describing the Stipulated Order "would make little sense if it referred only to the bare five-page Order, since the Order contained few of the 'overall terms' of the settlement and itself ordered very little, if anything, that could be characterized as injunctive relief."  *Id.*  Because "the entire settlement [w]as contained within the Stipulated Order," the terms of Attachment A on the FTC docket were, as part of the settlement, part of the Stipulated Order.  *Id.*

The D.C. Circuit noted that Attachment A's provision entered on the FTC docket that "[t]his Court has jurisdiction over this matter" points to the exercise of judicial power where "the

3

only potential court was [this Court],"[5] not the Commission, and the D.C. Circuit ultimately concluded that "the terms of the amended administrative order" have "judicial force." *Id.* at 1133-34. And, if there were any doubt, the D.C. Circuit specifically stated that this Court retained "continued jurisdiction to adjudicate violations" of "***the amended administrative order.***" *Id.* at 1134. The D.C. Circuit's decision is directly contrary to the government's position that the FTC can modify the terms of Attachment A because it is supposedly the FTC's "***own*** administrative order." Opp. at 7 (emphasis in original). The D.C. Circuit specifically held that this Court imposed the terms of and retained jurisdiction over not only Attachment A's terms on its own docket but those terms as part of the "amended administrative order."

The government contends that Meta has never challenged that "there were two 'distinct' orders." Opp. at 8. Not so. Attachment A was entered on the FTC docket, as the Stipulated Order directed.[6] But Meta's explanation of the significance of that entry confirmed that this Court retained jurisdiction over Attachment A on the FTC docket. Meta explained to the D.C. Circuit that Attachment A was entered on the FTC docket so that it also could be enforced ***by this Court*** as "an order of the Commission" carrying civil penalties for any violation.[7] This is clear on the face of Attachment A, which specifically contemplates such a potential proceeding.

---

[5] Reflecting that its terms were imposed by this Court, the FTC's amended administrative order provides that Meta "***and the Commission*** waive all rights ***to appeal*** or otherwise challenge or contest the validity of this Order." Dkt. No. 35 at 1. This contrasts with the provision in virtually every other FTC consent agreement in which ***the proposed respondent alone*** waives "all rights to seek ***judicial review*** or otherwise to challenge or contest the validity of the order entered pursuant to this agreement." *See* Dkt. No. 38-1 at 25. This difference reflects that, absent agreement, judicial orders are subject to appeal by either party, whereas FTC administrative orders are subject to judicial review upon the petition of the respondent. *Id*.

[6] Dkt. No. 35.

[7] Opp. at 8 (citing Appellant's Reply at 10 n.5); *see also* Appellant's Reply at 9-10 (arguing that this Court retained jurisdiction over any claim under 15 U.S.C. § 45(l)).

4

Dkt. No. 35 at 20.  As Meta elaborated, it was precisely because this Court retained jurisdiction over Attachment A on the FTC docket that such an enforcement action would necessarily come before this Court.[8]  The D.C. Circuit agreed:  "If Attachment A had no judicial force, the district court could not have retained jurisdiction to require adherence to its terms."[9]

## II.    The FTC Cannot Modify the Terms of Attachment A

The government's entire opposition rests on this Court ignoring the law of the case and finding, contrary to the D.C. Circuit's decision, that this Court lacks jurisdiction over Attachment A as entered by the FTC.  The government does not dispute that this Court's jurisdiction is exclusive, Mem. at 2-3, 6-10, and, therefore, that the FTC cannot exercise jurisdiction that was retained by this Court.  Nor does the government contest that the FTC cannot modify an order or judgment of this Court, *id.* at 2-3, 6-13, or that this Court should enjoin the FTC from attempting to do either of these things, *id*. at 13-17.  Because the D.C. Circuit held that the Court retained jurisdiction over Attachment A as entered on the FTC docket, these implicit concessions are a sufficient basis to grant Meta's renewed motion to enforce.  Notwithstanding these concessions, the government raises a series of non sequiturs based on its mistaken, and judicially foreclosed, position that this Court's jurisdiction does not extend to Attachment A.

First, the government suggests that not allowing administrative modification of terms that carry judicial force weakens the FTC's enforcement authority.  This is not only wrong, but also backwards.  The FTC cannot enjoy the benefits of judicially imposed and enforceable injunctive

---

[8] *See* Appellant's Br., *United States v. Facebook, Inc.*, 2024 WL 2154194, at *3, *24 n.9 (D.C. Cir. May 13, 2024); Appellant's Reply, *United States v. Facebook, Inc.*, 2024 WL 3426897, at *10 (D.C. Cir. July 12, 2024); Dkt. No. 74-3 at 10-11.

[9] *Facebook*, 136 F.4th at 1134.

terms while also retaining the ability to unilaterally alter those terms.  As Meta has consistently

observed, the settlement structure to which the parties agreed granted the FTC multiple paths:

- If the FTC believed that there were "*new* allegations of misconduct by Meta" that violated Section 5, Opp. at 1, it could file a complaint.

- If the FTC believed that Meta violated Attachment A's terms, it could seek civil penalties and associated injunctive relief *or* pursue contempt proceedings.

- In order to modify the terms of Attachment A, which were imposed by this Court, the FTC remains free to move this Court pursuant to Federal Rule of Civil Procedure 60(b).

But the FTC cannot modify the terms of the agreement through the FTC administrative process.

Second, for the same reasons, the government is wrong that merely because

Attachment A was entered on the FTC docket, it can be modified just like every other FTC

order.  That argument disregards that, unlike other FTC orders, the FTC's "amended

administrative order" contains "injunctive relief . . . impose[d]" by this Court and thus carries

"judicial force." *Facebook*, 136 F.4th at 1134.  The D.C. Circuit made clear that the FTC chose

to ask this Court to "retai[n] jurisdiction over both" the Stipulated Order and the amended

administrative order. *Id.* at 1135.  Having made that choice, "invok[ing] the court's supervisory

powers" and "urg[ing] the district court to retain jurisdiction to enforce the terms of the

settlement agreement," the FTC "consented to judicial involvement" thereafter.  *United States ex*

*rel Schweitzer v. Oce N.V.*, 677 F.3d 1228, 1236 (D.C. Cir. 2012); *Facebook*, 136 F.4th at 1134.

Moreover, the U.S. Constitution bars the FTC from modifying an order and judgment of this

Court, which is independently fatal to the government's invocation of the FTC's statutory

modification authority because Congress cannot authorize the FTC to modify an order or

judgment of an Article III court.  Mem. at 11-12 & n.26.

Finally, the government's argument that res judicata does not apply to administrative

adjudication ignores that a consent decree resolving a federal district court complaint

6

unquestionably carries res judicata effect.  *Id.* at 12-13.  The D.C. Circuit held that the "*entire*

*settlement* [w]as contained within the 'Stipulated Order,'" which was entered "to resolve the

complaint" filed by the government in this Court.  *Facebook*, 136 F.4th at 1131, 1134.

Attachment A on the FTC docket is thus "contained within" the Stipulated Order and shares that

consent decree's res judicata effect.  The government's argument that res judicata does not

prevent the FTC from modifying Attachment A because Congress supposedly authorized such

modification, Opp. at 10-11, is unavailing because, as shown above, the FTC lacks statutory

authority to modify an order or judgment of this Court.  *See supra* Point I.  Nor does the Court's

prior reasoning—that Attachment A was not part of a "'final judgment' with res judicata effect"

because it was "not ordered by the Court at all"[10]—withstand the D.C. Circuit's contrary

holding.  The government does not and cannot argue otherwise.

In short, as this Court previously observed—and as the government does not dispute—"to

the extent [this Court has] jurisdiction [over Attachment A], it has to be exclusive."[11]

### III.     Meta Is Entitled to an Injunction

#### A.       The Government Does Not Dispute—and Has Conceded—That an Injunction Is Warranted to Protect This Court's Jurisdiction and Final Judgment

Consistent with its typical practice,[12] the D.C. Circuit remanded for this Court to consider

the merits of Meta's request for an injunction.  As Meta has demonstrated, the D.C. Circuit's

---

[10] *United States v. Facebook, Inc.*, 2023 WL 8190858, at *6 n.3 (D.D.C. Nov. 27, 2023).

[11] Dkt. No. 57 at 10:7-13.

[12] *See, e.g.*, *Gardner v. United States*, 211 F.3d 1305, 1312 (D.C. Cir. 2000); *Nat'l Fed'n of Fed. Emps. v. Weinberger*, 818 F.2d 935, 943 (D.C. Cir. 1987); *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 971 (D.C. Cir. 1982); *see also* 11A Wright & Miller, *Fed. Prac. & Proc.* § 2962 (3d ed. 2025) ("In general, when the appellate court determines that the trial court's order denying injunctive relief was erroneous, it will reverse and remand the case for further proceedings below.").

conclusion that this Court imposed Attachment A's terms warrants an injunction.  Mem. at 13-17.  Indeed, Judge Walker's then-hypothetical to the government at oral argument—"imagine we disagree with you and we find that the court did retain jurisdiction"—has become reality, presenting the very "circumstances" in which the government acknowledged, without qualification, that an injunction would be appropriate.  Mem. at 4.

The government does not now contend the contrary or otherwise dispute that a court should permanently enjoin any rival proceeding that poses a threat to the Court's final judgment and its retained jurisdiction.  Mem. at 4, 13-16.  Instead, the government's opposition to an injunction, and its attempt to avoid the significance of its concession before the D.C. Circuit, rests—again—on its erroneous position that this Court did not impose, or retain jurisdiction over, the terms of Attachment A on the FTC docket.  Opp. at 11, 12 n.6.  In taking that position, the government relies *only* on the FTC's "statutory authority to modify its *own* administrative orders."  *Id.*  But, again, Attachment A is not the FTC's "own" order because its terms were imposed by this Court and remain subject to this Court's jurisdiction.  *See supra* Point I.

In response to Meta's showing that it is entitled to an injunction under the All Writs Act without regard to the traditional injunction factors, the government asserts that "no injunction is necessary to protect the Court's jurisdiction."  Opp. at 11; *see also id.* at 9-10 (arguing that "the FTC's administrative reopening proceeding is not a 'rival' to this Court's Stipulated Order").  The government does not elaborate on that statement with reference to the All Writs Act, but it appears to rest on the meritless position that the FTC's order is its "own."  In any event, the government fails to address, much less rebut, Meta's showing that under the All Writs Act, the Court should not wait for the conclusion of the FTC's proceeding before enjoining it to protect its jurisdiction.  Mem. at 15.  The law is clear—Meta is entitled to an injunction now.

### B.    Although the Traditional Injunction Factors Do Not Apply, Meta Has Nonetheless Satisfied Them

While the traditional injunction factors do not apply here, Mem. at 14, the government has not rebutted that Meta has, in fact, satisfied each of them.  The government argues that Meta cannot succeed on the merits because the FTC can modify "its *own* 2020 administrative order, so long as those modifications are not inconsistent with this Court's Stipulated Order, including the obligations set forth in Attachment A."  Opp. at 11-12.  But the D.C. Circuit has already decided these "merits" against the government.

The government's argument fails not only because Attachment A is not the FTC's "own" order, but also because the "inconsisten[cy]" standard is inapplicable.  The government takes that standard from this Court's order that the D.C. Circuit *reversed*.[13]  This Court reasoned that its retained jurisdiction over the Stipulated Order generally did not prevent modification of Attachment A by the FTC absent inconsistency *because* "the obligations imposed on Defendant reflected in [Attachment A] . . . were not ordered by the Court or made part of the Stipulated Order."  *Facebook*, 2023 WL 8190858, at *3.  The quoted reasoning is exactly the holding that the D.C. Circuit reversed.  *Facebook*, 136 F.4th at 1135.

Under the reasoning that Attachment A's terms were not ordered by the Court, this Court explained that its retained jurisdiction "le[ft] only a small sliver of Defendant's claims over which the Court has jurisdiction: those relating to any potential inconsistency with the Stipulated

---

[13] Opp. at 12 (citing "*supra*"); *id.* at 2 (arguing that this Court's "November 2023" order "properly declined to enjoin the FTC's administrative proceeding as a means of preventing 'any potential inconsistency with the Stipulated Order that might arise from changes the FTC makes to the 2020 administrative order'").  In a tell that the government is inviting reversible error, it favorably cites the decision that the D.C. Circuit reversed many times more than it cites the D.C. Circuit's decision.

9

Order that might arise from changes the FTC makes to the 2020 administrative order."[14]  In light of the D.C. Circuit's reversal, the "small sliver" of judicial jurisdiction is now the whole pie— which the FTC is seeking to remake as if from scratch.  The government cannot argue that Attachment A (as entered by the Court) merely sets a floor that the FTC can simply add to, resulting in ***different terms across both dockets***.  ***Any*** modification of Attachment A by the agency would, by definition, interfere with this Court's retained jurisdiction and modify terms this Court imposed.  As Meta has shown, this warrants an injunction.

The government's argument that there is no irreparable harm likewise rests on the inconsistency standard.  Opp. at 12 ("As this Court explained, the theoretical possibility of a future ***inconsistency*** is not irreparable harm.").  Again, that standard is drawn from this Court's reversed holding that Attachment A's terms were not ordered by the Court— and it is powerless to rebut Meta's showing that "this Court has a duty to protect its jurisdiction and the preclusive effects of its judgment by issuing 'an injunction requiring dismissal of [the] rival action.'" [15]

Finally, the government's invocation of the public interest rests on its discredited position that Meta "has failed to demonstrate a likelihood of success on the merits."  Opp. at 13.  Thus, the government fails to rebut Meta's showing that there is no public interest in unlawful agency action or a rival proceeding that threatens this Court's ongoing jurisdiction and final judgment.

## CONCLUSION

For the reasons set forth above, Meta respectfully requests that this Court enforce this Court's Stipulated Order and enjoin the FTC proceeding.

---

[14] *Facebook*, 2023 WL 8190858, at *3.

[15] Mem. at 13 (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 n.* (2002)).

DATED: May 7, 2026                    Respectfully submitted,

                                      */s/ James P. Rouhandeh*
                                      James P. Rouhandeh (DDC Bar No. NY0390)
                                      Michael Scheinkman (DDC Bar No. NY0381)
                                      David B. Toscano (*pro hac vice*)
                                      John A. Atchley III (*pro hac vice*)
                                      DAVIS POLK & WARDWELL LLP
                                      450 Lexington Avenue
                                      New York, NY 10017
                                      Tel: (212) 450-4000
                                      rouhandeh@davispolk.com
                                      michael.scheinkman@davispolk.com
                                      david.toscano@davispolk.com
                                      john.atchley@davispolk.com

                                      Paul J. Nathanson (DDC Bar No. 982269)
                                      DAVIS POLK & WARDWELL LLP
                                      901 15th Street, NW
                                      Washington, DC 20005
                                      Tel: (202) 962-7000
                                      paul.nathanson@davispolk.com

11