# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

FACEBOOK, INC.,
a corporation,

Defendant.

Case No. 1:19-cv-02184-TJK

**STATEMENT REGARDING**
***TRUMP v. CASA, INC.*, 606 U.S. 831 (2025)**

At oral argument on Meta's motion to enforce the Stipulated Order (ECF 74), the Court raised *Trump v. CASA, Inc*., 606 U.S. 831 (2025). Because neither party cited *CASA* in briefing, this statement briefly addresses its application. Meta's requested relief—which, as Meta has shown, rests on customary usages and principles—is consistent with *CASA*.

*CASA* construed the grant of general equity jurisdiction in Section 11 of the Judiciary Act of 1789. *See CASA*, 606 U.S. at 841. The Supreme Court held that universal injunctions, which "prohibit enforcement of a law or policy against anyone," exceed the grant of equitable jurisdiction under Section 11 of the Judiciary Act of 1789, which "encompasses only those sorts of equitable remedies 'traditionally accorded by courts of equity.'" *Id.* at 837, 841.

In contrast, Meta's motion does not implicate the Court's general equitable jurisdiction under Section 11 of the Judiciary Act. The case arose under the Federal Trade Commission Act, which authorized the Stipulated Order's injunctive relief;[1] and Meta moves to enforce the Stipulated Order pursuant to the specific grant in the All Writs Act of remedial power to "issue

[1] ECF 2-1 at 1 (citing 15 U.S.C. §§ 45(l) & 53(b)).

all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651; *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097–1100 (11th Cir. 2004) (All Writs Act injunctions and "traditional" equitable injunctions are "different types of injunctions a federal court may issue," with distinct "general principles governing injunctions under the [All Writs] Act").

As the D.C. Circuit explained, the Court's "reserved … jurisdiction for disputes relating to 'construction, modification, and enforcement' of the Stipulated Order" "enable[s]" the Court to "vindicate its authority" and "effectuate" its order and judgment. *United States v. Facebook, Inc.*, 136 F.4th 1129, 1131, 1132 (D.C. Cir. 2025) (quotation omitted). And Meta does not seek a "universal injunction," but a "traditional, parties-only injunction," *see CASA*, 606 U.S. at 837 n.1, against the FTC, which submitted to this retained jurisdiction by signing the order, invoking the Court's jurisdiction, and moving the Court to issue the order and enter judgment. Meta asks this Court to effectuate the Stipulated Order by enjoining the FTC proceeding to protect: (1) the Court's retained jurisdiction, and (2) the finality of the Court's judgment. Both forms of relief are well grounded in the text of the All Writs Act and its longstanding application.

First, this Court has recognized its "'inherent' power under the All Writs Act to stay agency action in order to preserve its prospective jurisdiction." *United States v. Facebook, Inc.*, 2023 WL 8190858, at *8 (D.D.C. Nov. 27, 2023), *rev'd on other grounds*, 136 F.4th 1129 (D.C. Cir. 2025); ); *see also Klay*, 376 F.3d at 1099 (All Writs Act "is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have."). As Meta demonstrated, courts have repeatedly exercised this power to protect their jurisdiction by enjoining the Executive Branch. *See* ECF 53 at 24–25 n.16; ECF 74-1 at 14 (citing, e.g., *Gomez v. Biden*, 2021 WL 1037866, at *3 (D.D.C. Feb. 19, 2021)).

Second, as Meta has also shown, courts use the All Writs Act to give preclusive effect to, and otherwise enforce, judicial judgments by enjoining federal officials. ECF 53 at 12 (citing *Leon v. IDX Systems Corp.*, 464 F.3d 951, 961–63 (9th Cir. 2006)); *see also*, *e.g.*, *Indep. Petroleum Ass'n of Am. v. Babbitt*, 971 F. Supp. 19, 33, 36 (D.D.C. 1997) (permanent injunction enforcing D.C. Circuit ruling's collateral estoppel effect), *aff'd,* 235 F.3d 588 (D.C. Cir. 2001). This relief is firmly moored in the All Writs Act. Indeed, "[t]he '[b]asic power to protect the preclusive effects of a federal judgment by injunction may well inhere in the very existence of federal courts,' [and] it can also 'be found in the All Writs Act.'" ECF 74-1 at 14 (quoting *FDIC v. Bank of N.Y.*, 479 F. Supp. 2d 1, 18 (D.D.C. 2007)). The Supreme Court has observed that the All Writs Act "mak[es] explicit the right to exercise powers implied from the creation of [federal] courts." *United States v. Morgan*, 346 U.S. 502, 506 n.6 (1954); *see also*, *e.g.,* *Common Cause v. Fed. Election Comm'n*, 692 F. Supp. 1397, 1399 (D.D.C. 1988) (a federal court's "inherent jurisdiction to interpret and enforce its prior orders" is "recognized" in the All Writs Act).

The FTC's rival proceeding aims to modify this Court's injunctive relief, defies this Court's inherent and retained jurisdiction over the Stipulated Order, and evades the Court's ongoing jurisdiction to adjudicate any allegation that Meta has violated Attachment A. To "vindicate its authority" and "effectuate its" Stipulated Order, the Court should enjoin the FTC's proceeding. *Facebook*, 136 F.4th at 1132.

DATED: November 19, 2026

Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh (DDC Bar No. NY0390)
Michael Scheinkman (DDC Bar No. NY0381)
David B. Toscano (*pro hac vice*)
John A. Atchley III (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
michael.scheinkman@davispolk.com
david.toscano@davispolk.com
john.atchley@davispolk.com

Paul J. Nathanson (DDC Bar No. 982269)
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
Tel: (202) 962-7000
paul.nathanson@davispolk.com